IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ELANDER WOODALL, Individually and**                                **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                                    No. 1:23-cv-459

**EVERGREEN PACKAGING LLC,**                                      **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Elander Woodall ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, for her Original Complaint—Collective Action ("Complaint") against Defendants Evergreen Packaging LLC, and Pactiv Evergreen Inc. (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' policy and practice of failing to pay proper overtime compensation under the FLSA.

3. Plaintiff filed a Consent to Join a lawsuit called *Wallace v. Evergreen Packaging, LLC,* Case No. 4:22-cv-337-KGB (E.D. Ark.) on August 31, 2022, and the

statute of limitations on her claim should be deemed tolled as of that date. Concurrently herewith, she has withdrawn her Consent in the *Wallace* case.

4. Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

5. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendants, and Defendants therefore "reside" in Illinois.

7. Defendants are headquartered in Lake Forest; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendants do business in this District, and a substantial part of the events alleged herein occurred in this District.

9. Upon information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

10. Plaintiff is an individual and resident of Georgia.

11. Separate Defendant Evergreen Packaging LLC ("Evergreen"), is a foreign limited liability company registered to do business in Illinois.

12. Evergreen's registered address for service is Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

13. Evergreen maintains a website at https://evergreenpackaging.com/.

14. Separate Defendant Pactiv Evergreen Inc. ("Pactiv"), is a foreign, for-profit corporation.

15. Pactiv's registered address for service is Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

16. Pactiv maintains a website at https://pactivevergreen.com/.

## IV. FACTUAL ALLEGATIONS

17. Evergreen is an "employer" within the meaning set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

18. Evergreen is a manufacturer of various beverage packaging, paper, and paperboard products. Evergreen is a part of Pactiv Evergreen Inc.[1]

19. Evergreen operates multiple manufacturing facilities worldwide, including a facility in Georgia, and has a corporate headquarters located in Illinois that centralizes all pay, time and human resources policies so that they are the same across its facilities.

20. Evergreen has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to manufacture beverage packaging, paper, and paperboard products.

---

[1] *The Evergreen Packaging Story*, Evergreen Packaging, https://evergreenpackaging.com/about-us/ (last visited Sept. 7, 2022).

21. Evergreen's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

22. Pactiv is an "employer" within the meaning set forth in the FLSA and was, at all times relevant to the allegations of this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

23. Pactiv is a manufacturer and distributor of various food service, food merchandising, and beverage merchandising products.

24. Pactiv operates multiple manufacturing and distribution facilities worldwide, including a manufacturing facility in Georgia, and has a corporate headquarters located in Illinois that centralizes all pay, time and human resources policies so that they are the same across its facilities.

25. Pactiv's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

26. Evergreen and Pactiv jointly operate the manufacturing facilities at which Plaintiff and the collective members were employed.

27. Defendants, together, have unified control over employees and jointly exercise authority over Plaintiff and other employees, set the pay policy applicable to Plaintiff and the others, and control the work schedule of Plaintiff and the others.

28. Upon information and belief, the revenue generated from Evergreen and Pactiv was merged and managed in a unified manner.

29. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

30. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

31. Defendants employed Plaintiff as a production worker within the three years preceding the filing of this lawsuit.

32. Plaintiff was employed by Defendants as an hourly-paid production worker from 2017 to approximately July of 2020.

33. During the time period relevant to this case, Plaintiff was employed at Defendants' manufacturing facility in Athens, Georgia.

34. Defendants classified Plaintiff as an hourly employee, nonexempt from the overtime requirements of the FLSA.

35. Defendants also employed other production workers.

36. Defendants also classified other production workers as hourly employees, nonexempt from the overtime requirements of the FLSA.

37. Defendants directly hired Plaintiff and other production workers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

38. Plaintiff and other production workers recorded their hours worked via an electronic timekeeping system, which logged their hours into an electronic payroll system maintained by Defendants.

39. Upon information and belief, Defendants rounded hours worked by Plaintiff and other production workers' hours in Defendants' favor by rounding down in approximately fifteen-minute increments.

40. For example, if a production worked clocked in for 8 hours and 10 minutes, Defendants would round that worker's hours down to exactly 8 hours.

41. Defendants' rounding practice resulted in hours worked by production workers which went unrecorded and uncompensated.

42. Because Plaintiff and other production workers regularly worked over forty hours in a week, the hours which went uncompensated due to Defendants' rounding practices created overtime violations.

43. Because Plaintiff and other production workers worked hours which went uncompensated in weeks in which they also worked over forty hours, Defendants failed to pay Plaintiff and other production workers a lawful overtime premium for all hours worked over forty each week.

44. Defendants knew or should have known that Plaintiff and other production workers were working additional hours for which they were not compensated.

45. Upon information and belief, Defendants' clock-in and rounding policies were the same for all production workers.

46. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendants' facilities because they stem from a centralized human resources policy implemented uniformly from the corporate headquarters.

47. At all relevant times herein, Defendants have deprived Plaintiff and other production workers of regular wages and proper overtime compensation for all of the hours worked over forty per week.

48. Plaintiff worked over forty hours and therefore incurred damages in most weeks during her employment with Defendants.

49. Specifically but without limitation, Plaintiff worked over forty hours and incurred damages in each of the following weeks: May 4, 2020; May 11, 2020; and May 18, 2020.

50. The net effect of Defendants' rounding practices, as described above, is that Defendants intentionally rounded the hours of Plaintiff and other production workers in order to avoid paying them for all hours worked.

51. Defendants made no reasonable efforts to ascertain and comply with applicable law.

52. Defendants knew or showed reckless disregard for whether the way they paid Plaintiff and other production workers violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

53. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Overtime premiums for all hours worked in excess of forty in any week;

    B. Liquidated damages; and

    C. Attorneys' fees and costs.

54. Plaintiffs propose the following collective under the FLSA:

**All hourly-paid production workers who recorded
at least 39 hours in any week within the last three years, except
those who join *Wallace v. Evergreen Packaging, LLC,* Case No. 4:22-cv-337-KGB
(E.D. Ark.).[2]**

55. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file written a Consent to Join this lawsuit.

56. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

57. The proposed FLSA collective members are similarly situated in that they share these traits:

A. They were paid hourly;

B. They were subject to Defendants' common policy of rounding their time in favor of Defendants;

C. They worked over forty hours in at least one week;

D. They were subject to Defendants' common policy of failing to pay proper overtime wages as required by the FLSA; and

E. They had substantially similar job duties, requirements, and pay provisions.

58. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 100 persons.

---

[2] A civil case is currently pending in the United States District Court for the Eastern District of Arkansas against Evergreen Packaging LLC, alleging violations of the FLSA on a collective basis, with collective allegations limited to production facilities in the state of Arkansas. *See Wallace v. Evergreen Packaging, LLC*, No. 4:22-cv-337-KGB (E.D. Ark. filed Apr. 12, 2022).

59. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

60. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CLAIM FOR RELIEF
**(Individual Claim for Violation of the FLSA)**

61. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

62. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

63. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

64. Defendants classified Plaintiff as nonexempt from the requirements of the FLSA.

65. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendants failed to pay Plaintiff for all hours worked, including 1.5x her regular rate of pay for all hours worked in excess of 40 per week.

66. Defendants knew or should have known that their actions violated the FLSA.

67. Defendants' conduct and practices, as described above, were willful.

68. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

69. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

70. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

71. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

72. At all times relevant times to this Complaint, Defendants have been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

73. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

74. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

75. Defendants classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

76. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendants failed to pay Plaintiff and all those similarly situated an overtime rate of 1.5x their regular rates of pay for all hours worked over 40 per week.

77. Defendants deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

78. Defendants knew or should have known that their actions violated the FLSA.

79. Defendants' conduct and practices, as described above, were willful.

80. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

81. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of

liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

82. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Elander Woodall, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing Defendants to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ELANDER WOODALL, Individually and on Behalf of Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com