IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELANDER WOODALL, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>EVERGREEN PACKAGING, LLC AND PACTIV EVERGREEN, INC.,<br><br>Defendants. | No. 1:23-CV-459<br><br>Honorable Harry D. Leinenweber |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

**I.     INTRODUCTION**

In his opposition, Plaintiff Elander Woodall ("Plaintiff" or "Woodall") relies on the fact that he is no longer a party-plaintiff in the *Wallace* Litigation to save this case from dismissal. However, Plaintiff ignores the fact that, despite his withdrawal from *Wallace*, there is substantial overlap between Woodall's proposed collective and the earlier filed and pending Wallace collective[1], as both include Arkansas current and former employees. This incontrovertible fact supports dismissal under the claims-splitting doctrine. Further, now that *Wallace* has been conditionally certified on a statewide basis, the overlap between the two collectives could result in competing rulings, especially for putative Arkansas collective members. Thus, should this Court find that dismissal is not warranted, the instant action must be stayed pending the resolution of *Wallace*, under the first-to-file rule.[2]

---

[1] The *Wallace* litigation has already proceeded such that that Court conditionally certified a collective of all Arkansas production workers employed by Defendant Evergreen Packaging, LLC from April 12, 2019, to the present. *See* Case No. 4:22-cv-337-KGB, Dkt. 63 (E.D. Ark. April 3, 2023).

[2] Woodall also maintains that the *Wallace* court could not assert personal jurisdiction over his claims due to the Eighth Circuit's decision in *Vallone v. CSJ Solutions Group, LLC*, 9 F. 4th 861, 865 (8th Cir. 2021). Yet, *Vallone* does not mandate such a result, and if it did, Plaintiff's post-*Vallone* decision to opt-in into the-then putative nationwide *Wallace* collective would make no sense.

1

II.      **ARGUMENT**

    A.    **The Rule Against Claim Splitting Applies Here Despite Woodall's Withdrawal from *Wallace***

The bulk of Plaintiff's opposition papers rests on the theory that there is no claim-splitting here simply because he withdrew from *Wallace*. But Plaintiff fails to acknowledge that his withdrawal was done *simultaneously* with the filing of the instant action, which raises the same claims, from the same set of operative facts, against the same Defendants. In other words, Woodall's withdrawal from *Wallace* does not dispel the numerous factors that weigh in favor of Defendants on the issue of claim-splitting; namely, that both *Woodall* and *Wallace* are grounded in the same allegation that Defendant purportedly maintained an unlawful practice of requiring and allowing its employees to work off-the-clock in violation of the FLSA. The same operative facts underlie both actions, and both courts would need to examine the same two questions: (i) whether Pactiv maintained an unlawful policy violative of the FLSA; and (ii) whether its employees actually performed work off-the-clock. Under these circumstances, the fact that Woodall strategically timed his withdrawal from the *Wallace* case to immediately file the instant matter does not somehow transform his case into something other than improper claims-splitting. *See McDowell v. Illinois Central Railroad Co.*, 2009 WL 10676527, at *1 (S.D. Miss. Mar. 10, 2009) ("[a]llowing this patent gamesmanship would not only prejudice Illinois Central, which has already incurred extraordinary time and expense defending against Plaintiff's initial attempts at forum shopping but would also foster further forum shopping and countenance the wasting of judicial resources.").[3]

---

[3] Plaintiff claims that he had to withdraw his consent form in *Wallace* because the Eighth Circuit's decision in *Vallone v. CSJ Solutions Group, LLC* prevents the *Wallace* court from exercising personal jurisdiction over out-of-state opt-in plaintiffs. *See* 9 F.4th at 865. However, *Vallone* does not prohibit a court from exercising personal jurisdiction where the out-of-state plaintiff maintains identical *claims* to that of the named in-state plaintiffs. *See Waters v. Day & Zimmerman NPS, Inc.*, 23 F. 4th 84, 98 (1st Cir. 2022) (declining to follow *Vallone* and holding that court had jurisdiction to consider propriety of opt-in plaintiffs' dismissal). Indeed, even assuming for purposes of this Motion

Plaintiff also claims that there is no overlap between *Wallace* and the instant case because the *Wallace* collective is limited to individuals who were employed by Defendant **within** Arkansas whereas the proposed collective in Woodall purportedly only includes individuals who were employed by Defendants **outside** of Arkansas. (Dkt. 13, p. 1). This is simply false. In fact, it can be no accident that Plaintiff never once recites the *Woodall* collective definition, as set forth in his Complaint: "all hourly-paid production workers who recorded at least 39 hours in any week within the last three years, ***except those who join Wallace v. Evergreen Packaging, LLC, Case No. 4:22-cv-337-KGB (E.D. Ark.)***." (Dkt. 1, at ¶ 54). Unquestionably, based on this definition, there is overlap between the two putative collectives because **the instant litigation necessarily includes all Arkansas employees who *do not opt into Wallace***. This fact means that how the *Wallace* court answers the predicate question of whether Defendants' employees in Arkansas worked off-the-clock undeniably intersects with how this Court may answer the same question with respect to any Arkansas members of the *Woodall* putative collective.

In short, collective members in *Wallace*, working at the same Pactiv facility, will be side-by-side with collective members in *Woodall*. *See Greystone Nevada, LLC*, No. 2:11-cv- 01424-RCJ, 2013 WL 150183, at *3–4 (granting motion to dismiss based on improper claim splitting where putative classes overlap). This could result in this Court and the *Wallace* Court issuing competing rulings that would apply to *employees in the exact same job title, under the same set of operative facts, against the same defendant. See Hanna v. S-L Distrib. Co., LLC*, 1:19-CV-2143, 2021 WL 51581, at *4 (M.D. Pa. Jan. 6, 2021). ("We cannot properly and efficiently consider Plaintiff's Illinois claim while the *Mode* court looks to the same underlying facts to decide a

---

only that *Vallone* stands for the proposition advanced by Woodall, Woodall and his counsel surely *must have known* about the August 2021 *Vallone* decision well before they moved for nationwide conditional certification in *Wallace* in July 2022 and certainly well before Woodall opted-into *Wallace* in August 2022.

substantially similar case. Both Supreme Court and Third Circuit precedent caution us against doing so.").

This potential for competing substantive rulings is the exact scenario that the rule against claim splitting is intended to prevent. *See Rice v. Nathan Rice, Inc.*, 2023 WL 2743441, at *5 (W.D. Pa. Mar. 31, 2023) (applying claim splitting doctrine and dismissing later filed case where court found that the operative facts in both cases "constitute a 'common set of facts' that would require all claims [to be included] in a single lawsuit to avoid duplicative litigation."); *Fernandes v. Quarry Hill Assocs.*, No. CIV.A. 09-11912-JGD, 2010 WL 5439785, at *11 (D. Mass. Dec. 28, 2010) (applying claim splitting where plaintiffs' FLSA claims arose from the same transaction as their claims in a separate Massachusetts state court action alleging state wage and hour violations). As Plaintiff accepts in his opposition: "courts must determine whether any employees are similarly situated *before* potential opt-in plaintiffs can become party plaintiffs." *Mickles v. Country Club Inc.*, 887 F. 3d 1270, 1278 (11th Cir. 2018). Here, Plaintiff has asked this Court to consider whether Arkansas putative collective members who do not opt-into *Wallace* are similarly situated to the *Woodall* collective on the same claims as those pled in *Wallace*. Thus, notwithstanding Woodall's conveniently timed withdrawal from *Wallace*, the law against claims-splitting mandates dismissal here to avoid litigating the exact same claim on behalf of Arkansas collective members in two different courts at the same time. *Id*.

**B.     The First-to-File Rule Is Applicable and Requires the Court to Dismiss or Stay the Instant Litigation**

Plaintiff argues that the first-to-file rule is inapplicable because *Woodall* and *Wallace* do not present competing collectives. As discussed *supra,* Plaintiff's own pleadings contradict that argument. There is inherent overlap between the two collectives because any current or former Arkansas employee who does not join *Wallace* could opt into the instant case.

4

Beyond the overlap in the collectives, Plaintiff fails to refute the longstanding precedent that when two similar actions exist, district courts generally dismiss, stay, or transfer the second filed suit. *Wagner v. Speedway LLC*, Case No. 20 C 3014, 2021 WL 1192691, *1 (N.D. Ill. Mar. 30, 2021) (staying second-filed FLSA Complaint due to similarity with previously filed lawsuit). In fact, Plaintiff cites numerous cases that uphold that precedent, not only in this circuit but across the country as well. *See Nicholson Nationstart Mortgage LLC of Delaware*, 2018 WL 334408, at *5 (N.D. Ill. July 6, 2018) (staying second-filed case pending resolution of first-filed case); *Cadle v. Whataburger of Alice, Inc.*, 174 F. 3d 599, 603 (5th Cir. 1999) (transferring second-filed case to first-filed court). Plaintiff does not, because he cannot, rebut that *Wallace* and *Woodall* are similar such that this second, later-filed, action must be, at a minimum, stayed. *See Mitchell v. Wells Fargo Bank, N.A.*, 2020 WL 7480806, at *2 (W.D. Tenn. Dec. 18, 2020) (applying the first-to-file rule in second-filed FLSA collective action and transferring case to first-filed jurisdiction).

Applying this established precedent confirms that it would be a waste of this Court's and the parties' resources to proceed with this case when the first-filed action, *Wallace*, already conditionally certified a collective, and overlaps the proposed *Woodall* collective of current and former Arkansas employees. And because *Wallace* is the farther along case, as compared to *Woodall*, it is all but certain that *Wallace* will make substantive rulings that will impact the potential collective here in *Woodall*. For those reasons, if the Court is not inclined to grant Defendants' Motion to Dismiss, a stay is a feasible alternative.

### III. CONCLUSION

For the reasons stated above, and the reasons previously stated in Defendants' principal brief, Plaintiff's complaint should be dismissed without prejudice, or in the alternative, this case should be stayed pending resolution of the *Wallace* Litigation.

Dated: April 17, 2023

                                                                /s/ *John A. Ybarra*
                                                                By Their Attorneys

John A. Ybarra, Bar No. 6196983
jybarra@littler.com
Shanthi V. Gaur, Bar No. 6224996
sgaur@littler.com
Matthew J. Ruza, Bar No. 6321424
mruza@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL 60654
Telephone:   312.372.5520
Facsimile:    312.372.7880

## **CERTIFICATE OF SERVICE**

I, John A. Ybarra, an attorney, hereby certifies that on April 17, 2023, I caused a true and correct copy of *Defendants' Reply in Support of Their Motion to Dismiss* to be filed with the Clerk of the Court, using the Court's CM/ECF filing system, and served a true and correct copy of same via email upon the below counsel of record:

Josh Sanford
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com

                 */s/ John A. Ybarra*
                  John A. Ybarra