IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ELANDER WOODALL, Individually and**     **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.     No. 1:23-cv-459

**EVERGREEN PACKAGING LLC,**     **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

### PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION, FOR APPROVAL AND DISTRIBUTION OF NOTICE, AND FOR DISCLOSURE OF CONTACT INFORMATION

Plaintiff Elander Woodall ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, for her Motion for Conditional Certification, for Approval and Distribution of Notice, and for Disclosure of Contact Information, states and alleges as follows:

1. Plaintiff brought this suit on behalf of certain former and current employees of Defendants Evergreen Packaging LLC, and Pactiv Evergreen Inc. (collectively "Defendant" or "Defendants"), to recover wages and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff brought this action as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff asks this Court to conditionally certify the following collective:

Page 1 of 5
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Motion for Conditional Certification, etc.

**All hourly paid production workers who recorded
at least 39 hours in any week since January 25, 2020, except
those who joined *Wallace v. Evergreen Packaging, LLC,*
Case No. 4:22-cv-337-KGB (E.D. Ark.).[1]**

3. Section 216(b) of the FLSA provides that "[a]n action . . . may be maintained against any employer . . . by any one or more employees for and [on] behalf himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

4. Plaintiff hereby moves the Court to conditionally certify this lawsuit as a collective action for the purpose of providing notice of the action to members of the collective.

5. Plaintiff and the members of the collective are sufficiently similarly situated that conditional certification of the proposed collective is appropriate, as explained in the Brief filed herewith.

6. The policy which gave rise to the violation in this case applies to all members of the collective. Therefore, they are similarly situated as that term is used in the FLSA.

7. Plaintiff requests that this Court permit her to distribute the attached Notice to potential opt-in Plaintiffs via U.S. mail and email, and that this Court permit Plaintiff to distribute a reminder email or postcard thirty days after the date of mailing.

8. Attached as Exhibits 1 and 2, respectively, are the Notice and Consent to Join proposed by Plaintiff for distribution in this case. Attached as Exhibit 3 is the email text proposed by Plaintiff for electronic distribution in this case. The Notices and Consents to Join make no comment on the merits of the case. The Notices are narrowly

---

[1] The opt-in period in the *Wallace* case in the Eastern District of Arkansas ended on August 3, 2023. Accordingly, there is no current conditionally certified group for putative opt-in Plaintiffs to join and no first-to-file concerns regarding the composition of the collective.

Page 2 of 5
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Motion for Conditional Certification, etc.

drawn to notify potential collective members of the pending litigation, the composition of the collective, and their right to "opt in" to the litigation.

9. Plaintiff also requests that the Court grant counsel a period of 90 days—beginning on the date on which Defendants fully and completely release the potential collective members' contact information to Plaintiff's counsel—during which to distribute the Notice and file opt-in Plaintiff's Consent forms with this Court.

10. To facilitate the sending of the Notice and Consent forms, Plaintiff also respectfully asks this Court to enter an Order directing Defendants to provide the names, last known addresses, and last known email addresses of potential opt-in plaintiffs in an electronically manipulable format such as Excel (.xls) no later than 7 days after the date of the entry of the Order.

11. Plaintiff incorporates her Brief in Support of the current Motion, filed concurrently with this Motion.

12. In support of the current Motion, Plaintiff incorporates the following exhibits:

Ex. 1: Proposed Notice of Right to Join Lawsuit ("*Notice*");
Ex. 2: Proposed Consent to Join Collective Action ("*Consent to Join*");
Ex. 3: Proposed Text of Electronic Transmissions ("*Electronic Transmissions*");
Ex. 4: Proposed Reminder Postcard ("*Postcard*");
Ex. 5: Declaration of Attorney Josh Sanford;
Ex. 6: Declaration of Elander Woodall;
Ex. 7: Declaration of Christopher Henry;
Ex. 8: Declaration of Opal Anderson;
Ex. 9: Declaration of Fester Moore; and

WHEREFORE, premises considered, Plaintiff prays that the Court:

A. Conditionally certify the collective proposed by Plaintiff;

B. Approve of the use of U.S. Mail and email to distribute Plaintiff's proposed Notice and Consent to Join;

Page 3 of 5
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Motion for Conditional Certification, etc.

C.   Grant approval to the form and content of Exhibits 1 - 4 for use in providing notice to the collective members via the methods described in this Motion;

D.   Order Defendants to produce the names and last known mailing addresses and email addresses of each potential opt-in Plaintiff in an electronically importable and malleable electronic format, such as Excel, within seven days after this Court's Order is entered;

E.   Allow for an opt-in period of 90 days, to begin seven days after the day that Defendants produce the names and contact information for the putative collective members, in which putative collective members may submit their Consents to Join this lawsuit as opt-in plaintiffs;

F.   Grant Plaintiff leave to send a follow-up reminder via email or U.S. Mail, beginning 30 days after the opt-in period begins, to potential plaintiffs who have not responded to the Notice; and

G.   Award costs and a reasonable attorney's fee and grant all other relief to which Plaintiff may be entitled, whether specifically prayed for or not.

**Page 4 of 5**
**Elander Woodall, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:23-cv-459**
**Motion for Conditional Certification, etc.**

Respectfully submitted,

**ELANDER WOODALL, Individually and on Behalf of Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing MOTION was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record:

John A. Ybarra, Esq.
Shanthi V. Gaur, Esq.
Matthew J. Ruza, Esq.
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
Telephone: 312.372.5520
Facsimile: 312.372.7880
jybarra@littler.com
sgaur@littler.com
mruza@littler.com

*/s/ Josh Sanford*
**Josh Sanford**

Page 5 of 5
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Motion for Conditional Certification, etc.