IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ELANDER WOODALL, Individually and** on Behalf of All Others Similarly Situated | **PLAINTIFF** |
| vs. | No. 1:23-cv-459 |
| **EVERGREEN PACKAGING LLC,** and **PACTIV EVERGREEN INC.** | **DEFENDANTS** |

**BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION, FOR APPROVAL AND DISTRIBUTION OF NOTICE AND FOR DISCLOSURE OF CONTACT INFORMATION**

## I. INTRODUCTION

Plaintiff Elander Woodall ("Plaintiff") has alleged that Defendants Evergreen Packaging LLC, and Pactiv Evergreen Inc. (collectively "Defendant" or "Defendants"), have a uniform policy and practice of improperly paying its hourly-paid production workers in violation of the Fair Labor Standards Act ("FLSA"), including not paying them proper overtime wages. Accordingly, Plaintiff requests that this Court conditionally certify a collective action pursuant to Section 216(b) of the FLSA. In addition, Plaintiff requests approval of her practical, common-sense plan for facilitating notice to potential collective members. Because the clock is running against all potential collective members, Plaintiff requests expedited review of her motion as described below.

## II. ARGUMENT

**A.    Court-Authorized Notice is Fair, Efficient and Advances the FLSA's Goals.**

The FLSA authorizes private parties to bring an overtime claim "[o]n behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b); *see also*

Page 1 of 17
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Motion for Conditional Certification

*Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010). "A prospective member of the collective action may 'opt-in' by filing a written consent in the court where the action is brought; a person who does not opt-in is not part of the collective action and is not bound by the court's decision." *Gambo v. Lucent Techs., Inc.*, No. 05 Civ. 3701, 2005 WL 3542485, at *3 (N.D. Ill. Dec. 22, 2005).

In furtherance of the FLSA's broad remedial purpose, courts have the authority to notify potential opt-in plaintiffs that they may join an existing action early in the proceedings. *See Howard v. Securitas Sec. Servcs.*, Inc., 630 F. Supp. 2d 905, 907 (N.D. Ill. 2009) ("One of the primary ways the court ensures that notice is 'timely, accurate, and informative' is by monitoring preparation and distribution of the notice as early in the case as is practicable.") (citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71 (1989)). The notice "process is a mechanism used by district courts to establish whether potential plaintiffs in the FLSA collective action should be sent a notice of their eligibility to participate and given the opportunity to opt in to the collective action." *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 974 (7th Cir. 2011).

Collective actions provide workers an opportunity to "lower individual costs to vindicate rights by the pooling of resources," and enable the "efficient resolution in one proceeding of common issues of law and fact." *Hoffman-La Roche*, 493 U.S. at 170; *see also Oropeza v. Appleillinois, LLC*, No. 06 Civ. 7097, 2010 WL 3034247, at *3 (N.D. Ill. Aug. 3, 2010) ("A collective action serves the dual function of avoiding a multiplicity of duplicate actions while allowing plaintiffs the advantage of lower individual costs by pooling resources to vindicate rights."). The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments

Page 2 of 17
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Motion for Conditional Certification

regarding claims arising from the same events and brought under the same laws.

B.     **Expeditious Notice is Necessary to Preserve Workers' Rights.**

Courts should authorize notice to the members of an FLSA collective "as early in the case as is practicable." *Nehmelman v. Penn Nat'l Gaming*, 822 F. Supp. 2d 745, 763 (N.D. Ill. 2012) (quoting *Howard*, 630 F. Supp. 2d at 907). This is because the FLSA statute of limitations runs against a worker until he or she files a consent form. *See Perez v. Comcase*, No. 10 Civ. 1127, 2011 WL 5979769, at *2 (N.D. Ill. 2011); *Smallwood v. Ill. Bell Tel. Co.*, 710 F. Supp. 2d 746, 753 (N.D. Ill. 2010). Time is of the essence because Defendants' employees`'  claims are diminished or extinguished every day. Notice will curtail the continued erosion of the hourly employees' claims and is particularly important to the FLSA's "broad, remedial purpose." *See Austin v. CUNA Mut. Ins. Soc.*, 232 F.R.D. 601, 605 (W.D. Wis. 2010) (citing *Hoffmann La-Roche*, 493 U.S. at 172–74); *see also Monroe v. United Airlines, Inc.*, 90 F.R.D. 638, 639 (N.D. Ill. 1981) (prompt notice "comports with the broad remedial purpose of the [FLSA]") (quoting *Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978)).

C.     **Plaintiff Exceeds Her Low Burden for Issuing Notice.**

1. <u>Plaintiff Has a Low Standard of Proof at the Notice Stage.</u>

Although the Seventh Circuit has not specified a standard for determining whether to certify an FLSA collective action, courts in this district follow the widely-accepted two-step approach. Under this approach, the court makes a preliminary determination early in the case that a group of similarly situated employees exists and should receive notice of the litigation. Later, after persons have opted into the lawsuit and the defendant has had an opportunity to conduct discovery, the court revisits the

Page 3 of 17
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Motion for Conditional Certification

question with a more complete evidentiary record. *See*, *e.g.*, *Young v. Rolling in the Dough, Inc.*, Case No. 17 C 7825, 2018 WL 1240480, at *2 (N.D. Ill. Mar. 8, 2018); *Watson v. Jimmy John's, LLC*, No. 15 Civ. 6010, 2015 WL 7180516, at *1 (N.D. Ill. Nov. 13, 2015); *Solsol v. Scrub, Inc.*, No. 13 Civ. 7652, 2015 WL 1943888, at *2 (N.D. Ill. Apr. 27, 2015); *Dailey v. Groupon, Inc.*, No. 11 Civ. 5685, 2014 WL 4379232, at *3 (N.D. Ill. Aug. 27, 2014); *Salmans v. Byron Udell & Assocs.*, No. 12 Civ. 3452, 2013 WL 707992, at *2 (N.D. Ill. Feb. 26, 2013); *Perez*, 2011 WL 5979769, at *1.

At the initial notice stage, a plaintiff need only make a "modest factual showing" that there are other employees who are "similarly situated" to her. *Solsol,* 2015 WL 1943888, at *2; *Babych*, 2011 WL 5507374, at *2; *Dailey*, 2014 WL 4379232, at *3. "Courts use a 'lenient interpretation' of the term 'similarly situated' in deciding whether plaintiffs meet this burden." *Salmans*, 2013 WL 707992, at *2 (quoting *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 848 (N.D. Ill. 2008)); *see Watson*, 2015 WL 7180516, at *1. Employees are "similarly situated" if they "were together the victims of a single decision, policy, or plan." *Jirak*, 566 F. Supp. 2d at 848 (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)); *accord Watson*, 2015 WL 7180516, at *1. Furthermore, "whether discrepancies between [potential collective members] will become important down the road does not affect the current question of" approving notice. *Salmans*, 2013 WL 707992, at *4 (citation omitted). A "rigorous comparison of day-to-day job responsibilities . . . is inappropriate at [this] stage." *Petersen v. Marsh USA, Inc.*, No. 10 Civ. 1506, 2010 WL 5423734, at *5 (N.D. Ill. Dec. 23, 2010) (citing *Smallwood*, 710 F. Supp. 2d at 751).

The standard for authorizing notice in an FLSA case is much lower than the

Page 4 of 17
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Motion for Conditional Certification

standard for certification of a class action brought under Federal Rule of Civil Procedure 23 ("Rule 23"). *See Smith v. Family Video Movie Club, Inc.*, No. 11 Civ. 1773, 2012 WL 580775, at *5 (N.D. Ill. Feb. 22, 2012) (collecting in-district cases); *accord Clugston v. Shamrock Cartage and Spotting Servs.*, No. 13 Civ. 1047, 2014 WL 5502455, at *2, *4 (S.D. Ind. Oct. 30, 2014). This lenient standard is necessary to protect collective members' rights because, unlike in Rule 23 class actions where the filing of the complaint automatically tolls absent class members' claims, *see Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974), in FLSA cases the statute of limitations for other workers continues to run until they join the case. *Smallwood*, 710 F. Supp. 2d at 753 (citing *Fisher v. Mich. Bell Tel. Co.*, 665 F. Supp. 2d 819, 828–29 (E.D. Mich. 2009)).[1]

Plaintiffs "need not show that potential class members performed identical duties to meet this standard, and [sending notice] may be appropriate even if differences exist between their job titles, functions or pay." *Hundt v. DirectSat USA, LLC*, No. 08 Civ. 7238, 2010 WL 2079585, at *2 (N.D. Ill. May 24, 2010) (quoting *Olmstead v. Residential Plus Mortg. Corp.*, Nos. 08 Civ. 142, 08 Civ. 419, 2008 WL 5157973, at *3 (N.D. Ill. Dec. 9, 2008)) (internal quotation marks omitted).

Courts do not weigh the merits of the underlying claims in determining whether a plaintiff is similarly situated to potential plaintiffs. *See, e.g.*, *Watson*, 2015 WL 7180516, at *1; *Solsol*, 2015 WL 1943888, at *2; *Larsen*, 2011 WL 3047484, at *1; *Perez*, 2011 WL 5979769, at *2 (citing Smallwood, 710 F. Supp. 2d at 751). "At this stage, the court does not resolve factual disputes or decide substantive issues going to the merits."

---

[1] Courts should only apply a more stringent analysis at the second stage of FLSA certification, after notice has issued and discovery is complete, to determine whether the collective should be decertified based on an examination of the plaintiffs who have actually opted into the case. *Smith*, 2012 WL 580775, at *5; *Clugston*, 2014 WL 5502455, at *2, *4.

Page 5 of 17
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Motion for Conditional Certification

*Larsen*, 2011 WL 3047484, at *1 (citing *Marshall v. Amsted Indus., Inc.*, No. 10 Civ. 11, 2010 WL 2404340, at *5 (S.D. Ill. June 16, 2010)); *see also Curless v. Great Am. Real Food Fast*, 280 F.R.D. 429, 433 (S.D. Ill. 2012) (citation omitted). Courts also do not make credibility determinations at the notice stage. *See Solsol*, 2015 WL 1943888, at *2, *Nehmelman*, 822 F. Supp. 2d at 751.[2]

Moreover, extensive discovery is not necessary at the initial stage. *See Brooks v. Safety-Kleen Sys., Inc.*, No. 11 Civ. 7245, 2012 WL 3598763, at *2 (N.D. Ill. Aug. 14, 2012) (noting that it is not until the second stage that parties have engaged in full discovery); *Betancourt v. Maxim Healthcare Servs., Inc.*, No. 10 Civ. 4763, 2011 WL 1548964, at *13 (N.D. Ill. Apr. 21, 2011) (noting that court had "declined to order that [extensive pre-certification] discovery take place before the issue of conditional certification was decided"). In lieu of discovery, courts routinely rely upon the allegations set forth in the complaint and on employee declarations about a common policy or practice. *See, e.g.*, *Perez*, 2011 WL 5979769, at *1, *5 (authorizing notice based on complaint and four declarations); *Olmstead*, 2008 WL 5157973, at *3 (authorizing notice based on affidavits and a single email from a supervisor implying that defendants did not pay overtime); *see also Constantino v. STP Rests., Inc.*, No. 09 Civ. 1531, 2011 WL 2784583, at *2 (N.D. Ohio July 15, 2011) (same with one declaration and one sworn statement).

---

[2] At the second stage, after full discovery, typically on a motion for decertification, courts undertake a more searching factual inquiry about whether collective members are, in fact, similarly situated. *See Watson*, 2015 WL 7180516, at *1; *Solsol*, 2015 WL 1943888 at *2; *Salmans*, 2013 WL 707992 at *2; *Nehmelman*, 822 F. Supp. 2d at 751; *DeMarco v. Nw. Mem'l Healthcare*, No. 10 Civ. 397, 2011 WL 3510905, at *2 (N.D. Ill. Aug. 10, 2011) (citations omitted).

Page 6 of 17
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Motion for Conditional Certification

Although the required showing cannot be made solely on the basis of the allegations in the Complaint, a plaintiff may provide factual support for the allegations in the form of affidavits, declarations, or other documents. *Brooks*, 2012 WL 3598763, at *2 (citation omitted). Here, to meet the minimal burden at the first stage, Plaintiff relies upon the well-pled allegations in his Complaint, her own declaration, and the declaration of several putative opt-in Plaintiffs to the proposed collective.

2. <u>Plaintiff and Other Hourly-Paid Production Workers Are Similarly Situated as to Their FLSA Claims.</u>

Plaintiff comfortably exceeds the required "modest . . . factual showing" that she and other hourly-paid production workers are similarly situated with respect to their FLSA claims. *See Allen v. City of Chi.*, No. 10 Civ. 3183, 2013 WL 146389, at *6 (N.D. Ill. Jan. 14, 2013). Here, Plaintiff has submitted her declaration detailing her time as an hourly-paid production worker and her interactions with other hourly-paid production workers for Defendants. *See generally* Ex. 6, Declaration of Elander Woodall ("Decl. Woodall"). Defendants operate multiple manufacturing and distribution facilities worldwide, including a manufacturing facility in Georgia, and have a corporate headquarters located in Illinois that centralizes all pay, time and human resources policies so that they are the same across its facilities. The revenue generated from Evergreen and Pactiv was merged and managed in a unified manner. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

Plaintiff was employed by Defendants as an hourly-paid production worker from 2017 to approximately July of 2020. Decl. Woodall at ¶ 4. Plaintiff estimates that

Page 7 of 17
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Motion for Conditional Certification

Defendants have employed at least hundred (100) other individuals who work or have worked as hourly production workers for Defendants since January 25, 2020. *Id*. at ¶¶ 5, 17. Plaintiff was employed at Defendants' manufacturing facility in Athens, Georgia. Plaintiff's main job duty was to operate machines and she also had other duties related to Defendants' business. *Id*. at ¶ 6. Other production workers perform the same or similar job duties as Plaintiff. *Id*. Defendant scheduled Plaintiff and other production workers to work in eight-, twelve-, or sixteen-hour shifts. *Id*. at ¶ 7. Plaintiff clocked in and out using a digital time clock that recorded her clock-in and -out times to the minute in an electronic payroll system maintained by Defendants. *Id*. at ¶ 8. Other employees recorded their time the same way as well. *Id*. Plaintiff and other production workers regularly clocked in up to between 10 and 15 minutes before the scheduled start of their shifts. *Id*. at ¶ 9. After they clocked in, they went immediately to their stations and started working. *Id*. Likewise, Plaintiff and other production workers regularly clocked out a few minutes before the end of their scheduled shift after their relief arrived, but they could not clock out as early as they clocked in and started working. *Id*. at ¶ 10. When Plaintiff arrived to relieve another production worker, or when the production worker who relieved Plaintiff arrived at the end of Plaintiff's shift, their work overlapped. *Id*. at ¶ 11. As a result, Plaintiff and other production workers regularly worked 15 to 20 minutes longer than their scheduled shifts. *Id*. at ¶ 12. However, Defendant consistently adjusted Plaintiff and other production workers' hours to show that they worked only the hours they were scheduled to work on paper and only paid them for the scheduled hours. *Id*. at ¶¶ 13-14. Plaintiff and other production workers regularly worked more than 40 hours per week. *Id*. at ¶ 15. They were ordinarily scheduled to work at least 40

Page 8 of 17
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Motion for Conditional Certification

hours, and as explained above, they actually worked more than they were scheduled to work. *Id*. Based on her experience and the information and knowledge Plaintiff has regarding the job duties and pay of production workers employed by Defendants, Plaintiff believes that others would want to join this lawsuit if they were made aware of the opportunity to join the lawsuit. *Id*. at ¶ 18.

Putative opt-in Plaintiffs Christopher Henry, Opal Anderson and Fester Moore have also submitted declarations in support of conditional certification, demonstrating that the allegations Plaintiff describes in detail from her time at the Athens, Georgia plant are substantially similar if not exactly identical to those in the Arkansas facilities in which these opt-ins work. *See*, generally, Exhibits 7-9, Declarations of Henry, Anderson and Moore. Each of these opt-ins affirmatively states in their declaration that they have reviewed Plaintiff's declaration describing her personal experience in the Athens, Georgia facility, and that it matches their experience in the Arkansas facilities. *See*, Exhibits 7-9 at ¶ 14. These identical allegations and facts, from separate facilities in separate states, demonstrate that these are not production line issues or facility issues, but company-wide issues that warrant conditional certification on a nationwide basis.

Defendant has deprived Plaintiff and other hourly-paid production workers of sufficient wages for all hours worked. In sum, Plaintiff and the collective members were all subject to the same pay practices and procedures which resulted in the violations of the FLSA alleged by Plaintiff. These initial facts are more than sufficient to meet Plaintiff's lenient burden to show that the potential class members are similarly situated. Courts routinely allow notice to issue based on evidence similar to that produced by Plaintiff here. *See, e.g., Watson*, 2015 WL 7180516, at *1 (relying on one unchallenged

Page 9 of 17
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Motion for Conditional Certification

declaration and plaintiff's allegations); *see also Garcia v. Moorehead Commns., Inc.*, No. 12 Civ. 208, 2013 WL 4479234, at *2, *6 (N.D. Ind. Aug. 19, 2013) (four declarations; "declarations alone are sufficient to support the Court's findings that similarly situated employees were subject to [defendant's] common plan"); *Perez*, 2011 WL 5979769, at *1 (granting conditional certification based on complaint and four declarations); *Biddings v. Lake Cnty.*, No. 09 Civ. 38, 2009 WL 2175584, at *3 (N.D. Ind. July 15, 2009) (two declarations); *Austin,* 232 F.R.D. at 606–07 (complaint and affidavit). Here, Plaintiff's Declaration meets her burden of proof.

Buttressing Plaintiff's declaration and the Complaint's allegation is the fact that other courts have conditionally certified similar collectives alleging similar employment practices in other locations. In *Wallace v. Evergreen Packaging, LLC*, 4:22-cv-337-KGB, the court conditionally certified a collective action in which the numerous plaintiffs alleged violations at Arkansas locations identical to the allegations alleged by Plaintiff at the Athens, Georgia location in this lawsuit. *See, Wallace*, 4:22-cv-337-KGB at ECF No. 63 (E.D. Ark. March 31, 2023). While the individuals who joined that action are excluded from the collective definition sought in this case, the similarity of their factual allegations supports the uniformity of Defendants' alleged violative pay policy across all of its locations. Additionally, approximately 545 individuals joined the *Wallace* collective, evidencing an intense interest on the part of putative opt-ins to participate in an action such as this one if given notice.

### D. The Court Should Facilitate Notice.

The Court should approve Plaintiff's proposed Collective Action Notice and Consent to Join Forms (Exhibits 1–3). The Notice is "accurate" and "informative." *See*

Page 10 of 17
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Motion for Conditional Certification

*Hoffmann-La Roche Inc.*, 493 U.S. at 172. Plaintiff requests leave to send the Notice to: "**All hourly-paid production workers who recorded at least 39 hours in any week since January 25, 2020, except those who join Wallace v. Evergreen Packaging, LLC, Case No. 4:22-cv-337-KGB (E.D. Ark.)**."

Because in recent years electronic communications have become more reliable than traditional mail as a means of reaching collective action members, Plaintiff asks the Court to authorize distribution of notice using a combination of traditional and electronic methods. Electronic distribution of collective action notices is "in line with the current nationwide trend. Moreover, it advances the remedial purpose of the FLSA, because service of the notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit, and of their opportunity to participate." *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-cv-253, 2015 U.S. Dist. LEXIS 23630, at *12 (S.D. Ohio Feb. 26, 2015).

There is good reason to use electronic distribution methods in addition to regular mail. U.S. Mail delivery problems are unavoidable in collective actions. *See* Ex. 5, Decl. of Josh Sanford ¶¶ 5–14. In counsel's experience, mail delivery problems have actually prevented some members of classes from joining collective actions when they in fact wanted to join. *See id*. Notices sent by the Sanford Law Firm have been lost, even when the addresses were correct. *Id*. at ¶ 8. Not only are notices lost going to class members, but they have also been lost after having been signed and mailed back to the Sanford Law Firm. *Id*. at ¶¶ 9–13. In other cases, Plaintiff's counsel has received telephone calls from recipients of follow-up postcards who did not receive the original notices. *Id.* at ¶ 11.

**Page 11 of 17**
**Elander Woodall, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:23-cv-459**
**Brief in Support of Motion for Conditional Certification**

Plaintiff's counsel has also received undeliverable envelopes as many as 1,010 days after their original mailing. *Id*. at ¶ 12-13.

Using email as a means of distributing notice alleviates many of the problems presented by sending notice only by U.S. Mail. Electronic communication is already a common, appropriate, and efficient manner of communicating with plaintiffs and collective members and is widely used in conjunction with traditional mailing. *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012) ("With regard to [plaintiff's request to use] email to notify potential plaintiffs of this litigation, communication through email is now the norm.") (internal editing and quotation marks omitted).[3] Electronic distribution of collective action notices is "in line with the current nationwide trend." *Atkinson*, 2015 U.S. Dist. LEXIS 23630, at *12. As one court has aptly said, "Email is not the wave of the future; [it] is the wave of the last decade and a half." *Gronefeld v. Integrated Prod. Servs., Inc.*, No. 5:16-cv-55, 2016 U.S. Dist. LEXIS 192476, at *17-18 (W.D. Tex. April 26, 2016).

Not surprisingly, then, courts often permit dissemination of collective action notice via email message under a variety of circumstances and for a variety of reasons. *See, e.g.*, *Irvine v. Destination Wild Dunes Mgmt.*, 132 F. Supp. 3d 707 (D.S.C. 2015). The *Irvine* court approved three methods of distributing notice, stating:

> The request that notice be distributed via direct mail, email and text messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of

---

[3] *See also Jones v. JGC Dall. LLC*, No. 3:11-cv-2743-O, 2012 U.S. Dist. LEXIS 185042, at *18–19 n.9 (N.D. Tex. Nov. 29, 2012) (collecting cases); *Margulies v. Tri-County Metro. Transp. Dist. of Or.*, No. 3:13-cv-475-PK, 2013 U.S. Dist. LEXIS 146484, at *59–61 (D. Or. Oct. 10, 2013) (citing *Alequin v. Darden Rests., Inc.*, No. 12-61742, 2013 U.S. Dist. LEXIS 108341, 2013 WL 3945919, at *2 (S.D. Fla. July 31, 2013)); *Rehberg v. Flowers Foods, Inc.*, No. 3:12-cv-596, 2013 U.S. Dist. LEXIS 40337, 2013 WL 1190290, at *3 (W.D.N.C. Mar. 22, 2013).

Page 12 of 17
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Motion for Conditional Certification

>communication. Political candidates now routinely seek out their supporters' cell phone numbers and email addresses because traditional methods of communication via regular mail and land line telephone numbers quickly become obsolete.

132 F. Supp. 3d at 711.

Further, unlike traditional mail, emails do not get "lost in the mail." Cell phones are portable, even more readily portable than most laptop computers, and they can be used to check email from virtually any location, often regardless of wireless internet access. Email addresses are also "portable" in the sense that, although a person's physical address changes when he or she relocates residences, the person can and often does maintain his or her same email address. All these facts increase the likelihood that notice will actually be received by the putative collective member.

Moreover, the combination of traditional and electronic mailing methods "advances the remedial purpose of the FLSA, because service of the notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit, and of their opportunity to participate." *Atkinson*, 2015 U.S. Dist. LEXIS 23630, at *12. In short, electronic notice in the form of an email is a generally accepted practice for distributing notice that furthers the goals of the FLSA. Many courts have approved email in conjunction with regular mail for the purpose of distributing notice.

This Court should approve of Plaintiff's proposed procedure for disseminating notice by email, which is simple and easy for the Court to monitor. Plaintiff's proposed email text, Exhibit 3, simply directs the recipient to the attached court-approved Notice and provides a link to https://www.pandadoc.com or a similar electronic signing

Page 13 of 17
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Motion for Conditional Certification

platform[4] where the recipient can access an electronic version of the Consent to Join (Exhibit 2). The text also gives instructions for signing the Consent electronically to avoid some minor but common mistakes. Putative collective members who wish to join the lawsuit can then choose to print, sign, and return a paper copy of the Consent to Join form or electronically sign the Consent to Join form online. This is similar to the process used in *Dempsey v. Jason's Premier Pumping Servs., LLC*, No.15-cv-703-CMA-NYW, 2015 U.S. Dist. LEXIS 187322, at *4–5 (D. Colo. Nov. 11, 2015).

Lastly, the Court should permit Plaintiff to send a reminder email or postcard to collective members who have not returned Consents to Join thirty days after the initial mailing. A proposed email reminder is included in Exhibit 3; a proposed reminder postcard is attached as Exhibit 4. "Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, . . . a reminder notice is appropriate." *Morris*, 896 F. Supp. 2d at 275. Reminder mailings to potential opt-ins who have not responded to an initial mailing are common and cause defendants no prejudice. *See Chhab v. Darden Rests., Inc.*, No. 11 Civ. 8345, 2013 WL 5308004, at *16 (S.D.N.Y. Sept. 20, 2013) (collecting cases); *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010) (approving reminder postcard); *Harger v. Fairway Mgmt.*, 2016 U.S. Dist. LEXIS 74373, *12 (W.D. Mo. June 8, 2016).

As to the length of the notice period, "[n]otice periods may vary, but numerous courts around the country have authorized ninety-day opt-in periods for collective

---

[4] More information about PandaDoc is available at https://www.pandadoc.com. Many courts have already approved of the use of electronic signatures generally. *See Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 518 (W.D. Tex. 2015); *White v. Integrated Elec. Techs., Inc.*, No. 11-2186, 2013 U.S. Dist. LEXIS 83298, at *39 (E.D. La. June 13, 2013); *Jones v. JGC Dall. LLC*, Civil Action No. 3:11-CV-2743-O, 2012 U.S. Dist. LEXIS 185042, at *18 (N.D. Tex. Nov. 29, 2012).

Page 14 of 17
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Motion for Conditional Certification

actions." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012). A ninety-day notice period will allow a reasonable time for Plaintiff's counsel to deal with returned mail and get notices to their intended recipients.

**E.    The Court Should Order Defendants to Provide the Names and Contact Information of Potential Opt-in Plaintiffs in a Useful Electronic Format.**

To facilitate the sending of the Notice and Consent forms, Plaintiff asks this Court for an Order directing Defendants to disclose, in a useful format such as an Excel spreadsheet or other importable electronic format, all contact information for those who meet the definition of the proposed collective. The relevant information includes (1) the names of each and every potential plaintiff employed by Defendants any time after January 25, 2020, including any known aliases they may have gone by or go by now; (2) the last known home and work addresses of the employee for the same time period; and (3) the employee's last known email address.

In *Hoffman-La Roche*, the Supreme Court held that it was appropriate for the district court to permit disclosure of the names and addresses of possible opt-in plaintiffs. 493 U.S. at 170. The production of such contact information is standard in FLSA cases. *See Jankuski v. Health Consultants, Inc.*, No. 12 Civ. 4549, 2012 WL 6055596, at *4 (N.D. Ill. Dec. 5, 2012) (ordering production of names, addresses, telephone numbers and email addresses); *Swarthout v. Ryla Teleservices*, *Inc.*, No. 11 Civ. 21, 2011 WL 6152347, *5 (N.D. Ind. Dec. 12, 2011) (ordering production of, inter alia, telephone numbers and last four digits of social security numbers). Accordingly, Plaintiff asks that the Court order Defendants to produce complete contact information for all those who meet the proposed collective definition no later than seven (7) days after the date of the entry of the Order granting the current Motion.

Page 15 of 17
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Motion for Conditional Certification

Plaintiff also asks the Court to order Defendants to provide dates of birth and partial social security numbers for any collective members whose U.S.P.S.-mailed Notices are returned as undeliverable to assist in locating the correct address for those members. *Davis v. Abercrombie & Fitch Co.*, 08 Civ. 1859 (PKC), 2008 WL 4702840, 12 (S.D.N.Y. Oct. 23, 2008); *Lynch v. United Services Auto. Ass'n*, 491 F.Supp.2d 357, 371-72 (S.D.N.Y. 2007); *Perrin v. Papa John's International, Inc.*, U.S.D.C. Case No. 4:09-cv-1335-AGF (E.D. Mo. Oct. 11, 2011) ("The better course is to determine what constitutes fair and proper notice based on the facts of each case. . . . At this stage of the litigation, justice is most readily served by notice reaching the largest number of potential plaintiffs." (internal citations and quotation marks omitted)).

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that upon granting Plaintiff's Motion for Conditional Certification this Court: (1) order Defendants to produce the contact information of the putative collective members, no later than one week after the date of the entry of the Order granting the current motion; (2) approve the Notice and Consent to Join attached to Plaintiff's Motion; (3) approve the sending of the Notice and Consent; (4) approve the sending of the reminder email or postcard as set forth herein; (5) approve of notice through both U.S. mail and email as set forth herein; and (6) grant counsel a period of 90 days, to begin seven days from the date Defendants fully and completely release the potential collective members' contact information during which to distribute the Notice and to file Consent forms.

Page 16 of 17
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Motion for Conditional Certification

Respectfully submitted,

**ELANDER WOODALL, Individually and on Behalf of Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

# CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing BRIEF was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record:

John A. Ybarra, Esq.
Shanthi V. Gaur, Esq.
Matthew J. Ruza, Esq.
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
Telephone: 312.372.5520
Facsimile: 312.372.7880
jybarra@littler.com
sgaur@littler.com
mruza@littler.com

*/s/ Josh Sanford*
**Josh Sanford**

Page 17 of 17
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Motion for Conditional Certification