IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ELANDER WOODALL, Individually and on Behalf of All Others Similarly Situated** | |
| Plaintiff, | |
| v. | No. 1:23-CV-459 |
| **EVERGREEN PACKAGING, LLC AND PACTIV EVERGREEN, INC.,** | Honorable Harry D. Leinenweber |
| Defendants. | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants EVERGREEN PACKAGING LLC and PACTIV EVERGREEN INC., by and through their undersigned counsel, and for the reasons set forth more fully in the accompanying brief, attached hereto as **Exhibit 1**, hereby move this Court for leave to file a supplemental brief in support of Defendants' Motion to Dismiss Plaintiff's Complaint. In support thereof, Defendants state as follows:

1. Defendants move for leave to file this supplemental brief due to the fact that Plaintiff recently filed a motion for conditional certification supported only by declarations and opt-in consent forms from Plaintiff herself and eight current or former employees of Defendants, all of whom worked exclusively *within the State of Arkansas*. As this Court is aware, Plaintiff previously opted-into and then withdrew her consent from a pending parallel Arkansas case, *Wallace, et al. v. Evergreen Packaging LLC*, Case No. 4:22-cv-337-KGB, Dkt. 63 (E.D. Ark. April 3, 2023).

2. In opposing Defendants' Motion to Dismiss under the doctrine of claim splitting, Plaintiff represented to this Court that "the proposed collective in *Wallace* has been limited to

1

individuals who were employed by Defendant Evergreen Packaging LLC (hereinafter "Evergreen Packaging"), **within** Arkansas whereas the proposed collective here includes individuals who were employed by Defendants **outside** of Arkansas." (ECF No. 13, p. 1).

3. Plaintiff's motion for conditional certification proves that this representation to the Court is demonstrably false. Each of the opt-in plaintiffs on whose testimony Plaintiff relies in her motion for conditional certification in this action was employed at Defendant's Pine Bluff, Arkansas or Malvern, Arkansas facilities – the only two facilities that are encompassed in the *Wallace* collective. Each was a putative class member in *Wallace.* Each makes the same claim here that they had in *Wallace*. [ECF No. 19 & 20]. Thus, Plaintiff is engaged in the very definition of claim splitting by pursuing two separate cases, involving the same plaintiffs, against the same defendants, in two different courts.

4. Defendants offer this supplemental brief only to inform the Court of this new evidence of Plaintiff's claim splitting, in contradiction to her earlier representations to the Court.

5. Defendants move for leave to file this supplemental response in good faith and not for any dilatory purpose.

Dated: September 12, 2023

                                                                      /s/ *John A. Ybarra*
                                                                      By Their Attorneys

John A. Ybarra, Bar No. 6196983
jybarra@littler.com
Shanthi V. Gaur, Bar No. 6224996
sgaur@littler.com
Matthew J. Ruza, Bar No. 6321424
mruza@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL 60654
Telephone: 312.372.5520

2