# **EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ELANDER WOODALL, Individually and on Behalf of All Others Similarly Situated** | |
| Plaintiff, | |
| v. | No. 1:23-CV-459 |
| **EVERGREEN PACKAGING, LLC AND PACTIV EVERGREEN, INC.,** | Honorable Harry D. Leinenweber |
| Defendants. | |

### DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants EVERGREEN PACKAGING LLC and PACTIV EVERGREEN INC., by and through their undersigned counsel, and in light of Plaintiff Elander Woodall's Motion for Conditional Certification, hereby submit this supplemental brief in support of their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Defendants state as follows:

1. On March 2, 2023, Defendants filed their Motion to Dismiss Plaintiff's Complaint based on Plaintiff's impermissible claim-splitting. In accordance with well-established Seventh Circuit law, the Court should dismiss Plaintiff's Complaint because there is substantial overlap between the *Woodall* proposed collective and the earlier filed and pending collective in the case of *Wallace v. Evergreen Packaging, LLC.,* Case No. 4:22-cv-337-KGB ("*Wallace* Litigation").[1]

2. As Defendants set forth in their opening brief, the doctrine against claim splitting requires that a plaintiff bring all claims arising out of a common set of facts in a single lawsuit, and

---

[1] As Defendants highlighted in their briefing, the *Wallace* Litigation has already proceeded such that that Court conditionally certified a collective of all Arkansas production workers employed by Defendant Evergreen Packaging LLC from April 12, 2019, to the present. *See* Case No. 4:22-cv-337-KGB, Dkt. 63 (E.D. Ark. April 3, 2023).

4

federal district courts have discretion to enforce that requirement as necessary "to avoid duplicative litigation." *Elgin v. Dep't of the Treasury*, 132 S. Ct. 2126, 2147 (2012) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (emphasis added). "In a nutshell, the doctrine of claim splitting applies when the first suit would preclude the second suit but for the fact that no final judgment has been entered in the first suit." *Roumann Consulting, Inc. v. Symbiont Constr., Inc.*, 2019 WL 3501527, at *1 (E.D. Wis. Aug. 1, 2019) (citing *Katz v. Gerardi*, 655 F.3d 1212, 1217–19 (10th Cir. 2011)).

3. In an attempt to avoid dismissal, Plaintiff represented in response to Defendants' motion that there is no overlap between *Wallace* and the instant case because "the proposed collective in *Wallace* has been limited to individuals who were employed by Defendant Evergreen Packaging LLC (hereinafter "Evergreen Packaging"), **within** Arkansas whereas the proposed collective here includes individuals who were employed by Defendants **outside** of Arkansas." (Dkt. 13, p. 1) (emphasis in original). In fact, as Defendants' reply pointed out, Plaintiff actually defined the *Woodall* collective as "all hourly-paid production workers who recorded at least 39 hours in any week within the last three years, ***except those who join Wallace v. Evergreen Packaging, LLC, Case No. 4:22-cv-337-KGB (E.D. Ark.)***." (Dkt. 1, at ¶ 54). Thus, as Defendants noted in their reply, based on Plaintiff's proposed collective definition, there was or could be overlap between the two putative collectives because **the instant litigation necessarily includes the same claims of all Arkansas employees who *do not opt into Wallace*.**

4. Plaintiff's Motion for Conditional Certification confirms that this overlap actually exists and that Plaintiff's representations to this Court were not accurate or truthful. The instant action is **not** limited to "individuals who were employed by Defendants **outside** of Arkansas" as Plaintiff had previously represented. In fact, the opposite is true: Each of the now *eight* opt-in

5

plaintiffs is a ***current or former employee at one of Defendants' Arkansas facilities and was a putative collective member in the Wallace Litigation***. Each of the opt-in plaintiffs was employed at Defendant's Pine Bluff, Arkansas or Malvern, Arkansas facilities – the only two facilities that encompass the *Wallace* collective. Specifically, opt-in plaintiffs Verdie Ali, Janice Carter, Regina Barber, Paul Tuck, Robin J. Tuck, and Fester Moore all were employed by Defendants at their Malvern, Arkansas facility and Christopher Henry and Opal Anderson were both employed by Defendants at their Pine Bluff, Arkansas facility. *See* Declaration of John A. Ybarra, attached hereto as **Exhibit A**, at ¶ 4. Although Plaintiff purports to bring her claims as a nationwide collective action, *Plaintiff literally cannot find a single employee from outside the state of Arkansas to participate in this action other than Woodall*. As such, contrary to Plaintiff's assertion in her response to Defendant's motion to dismiss, the proposed collective in this action thus far only includes Woodall and individuals who were employed by Defendants **within** Arkansas (and thus putative members of the *Wallace* collective). *Id*.

5. This now incontrovertible fact supports dismissal under the claim-splitting doctrine. As confirmed in her Motion for Conditional Certification, Plaintiff's case includes opt-in plaintiffs who worked side-by-side with other opt-in plaintiffs in the first-filed parallel *Wallace* litigation. Thus, how the *Wallace* court answers the predicate question of whether Defendants' employees in Arkansas worked off-the-clock undeniably intersects with how this Court may answer the same question with respect to any Arkansas members of the *Woodall* putative collective. This is the very outcome that the claim splitting doctrine is intended to avoid. Consequently, courts have routinely dismissed subsequently filed cases that are duplicative of a parallel action already pending in another federal court. *See Svendsen v. Illinois Dept. of Public Health*, 2023 WL 1771240, at *4-5 (C.D. Ill. Feb. 3, 2023) (dismissing case where claim-splitting occurred, as parallel state court suit

brought the same claims against the same defendant); *Am. Seeds, LLC v. Daily Feed & Grain, Inc.*, No. 16-00371, 2018 WL 397238, at *7 (S.D. Ind. Jan. 12, 2018) (claim splitting occurred where the state court case had either not yet reached a final adjudication, "or at least had not at the time of these parties' submissions."); *see also Hanna v. S-L Distrib. Co., LLC*, 1:19-CV-2143, 2021 WL 51581, at *4 (M.D. Pa. Jan. 6, 2021) ("We cannot properly and efficiently consider Plaintiff's Illinois claim while the *Mode* court looks to the same underlying facts to decide a substantially similar case. Both Supreme Court and Third Circuit precedent caution us against doing so.").

6. In short, Plaintiff's opposition to Defendants' Motion to Dismiss rings even more hollow now than when it was first filed. Plaintiff's Motion for Conditional Certification makes clear the fact that she is attempting to litigate the exact same claim on behalf of Arkansas putative collective members in two different courts at the exact same time. The opt-in plaintiffs in *Woodall* had their opportunity to participate in *Wallace* and chose not to do so. To allow them to litigate their claims in this Court impermissibly gives each *Wallace* opt-in (and their counsel) the proverbial second bite of the apple <u>on the same claim</u>. *See Elmhurst Lincon-Mercury, Inc. Employees 401(k) Profit Sharing Plan & Tr. v. Mears*, 215 F. Supp. 3d 659, 665–66 (N.D. Ill. 2016) (Feinerman, J.,) ("***Plaintiffs hope that more suits will improve their chances: they seek the better of the outcomes. To discourage the tactic, judges award plaintiffs not the better outcome but the first outcome***: whichever suit goes to judgment first is dispositive, and the doctrine of claim preclusion (res judicata) requires the other court to dismiss the litigation. Instead of improving plaintiffs' chances, claim-splitting reduces them.") (emphasis added).

7. As *Hanna* cautioned, district courts "must also ensure that parties do not attempt to 'game the system' by filing duplicative lawsuits." *See Hanna,* 2021 WL 51581, at *4. Plaintiff here has attempted to game the system, initially by conveniently withdrawing her opt-in to the *Wallace*

7

litigation in order to bring the instant lawsuit, and now by attempting to include other putative members of the *Wallace* collective in this case and asking this Court to consider whether Arkansas putative collective members who do not opt-into *Wallace* are similarly situated to the *Woodall* collective on the same claims as those pled in *Wallace*. The law against claims-splitting mandates dismissal here to avoid litigating the exact same claim on behalf of Arkansas collective members in two different courts at the same time. Defendants Motion to Dismiss Plaintiff's Complaint must be granted.

8. Likewise, as argued in Defendants' briefs, it is a waste of this Court's and the parties' resources to proceed with this case when the first-filed action, *Wallace*, already conditionally certified a collective, overlaps the proposed *Woodall* collective of current and former Arkansas employees on the same claims. And because *Wallace* is the farther along case, as compared to *Woodall*, it is all but certain that *Wallace* will make substantive rulings that will impact the potential collective here in *Woodall*. For those reasons, if the Court is not inclined to grant Defendants' Motion to Dismiss, a stay is the only feasible alternative to avoid duplicative litigation.

Dated: September 12, 2023

/s/ *John A. Ybarra*
By Their Attorneys

John A. Ybarra, Bar No. 6196983
jybarra@littler.com
Shanthi V. Gaur, Bar No. 6224996
sgaur@littler.com
Matthew J. Ruza, Bar No. 6321424
mruza@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL  60654
Telephone:	312.372.5520
Facsimile:	312.372.7880

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ELANDER WOODALL, Individually and on Behalf of All Others Similarly Situated**<br><br>Plaintiff,<br><br>v.<br><br>**EVERGREEN PACKAGING, LLC AND PACTIV EVERGREEN, INC.,**<br><br>Defendants. | No. 1:23-CV-459<br><br>Honorable Harry D. Leinenweber |

### DECLARATION OF JOHN A. YBARRA IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

In support of Defendant's Motion for Leave to File a Supplemental Brief in Support of their Motion to Dismiss, I, John A. Ybarra, on oath state as follows:

1. I am an adult over the age of 18 and a resident of the state of Illinois. The information set forth herein is true and correct of my own personal knowledge (unless otherwise stated) and if asked to testify thereto, I would do so competently.

2. I am a member in good standing of the State Bar of Illinois and am a Shareholder at the law firm of Littler Mendelson, P.C., counsel for Defendants Evergreen Packaging, LLC and Pactiv Evergreen, Inc. ("Defendants") in the above-captioned action. I am also counsel of record for Defendant Evergreen Packaging, LLC in the parallel litigation currently pending in the United States District Court for the Eastern District of Arkansas entitled *Taiwan Wallace, et al. v. Evergreen Packaging, LLC*, Case No. 4:22-cv-337-KGB (E.D. Ark. April 3, 2023).

3. On April 3, 2023, the Presiding Judge in the *Wallace* Litigation ordered Defendant Evergreen Packaging, LLC, through its counsel, to produce a putative collective member list to Plaintiffs' counsel, The Sanford Law Firm, that encompassed all Hourly-Paid Production Workers

2

employed in Arkansas by Defendants at any time since April 12, 2019. Case No. 4:22-cv-337-KGB, Dkt. 63, *as amended* Dkt. 67 (E.D. Ark. April 3, 2023). The Court in the *Wallace* Litigation ordered Defendant, through its counsel, to produce that putative collective member list to Plaintiffs' Counsel by May 5, 2023.

4.  On May 5, 2023, Defendant produced the putative *Wallace* collective member list to Plaintiffs' counsel to the Sanford Law Firm. That list included the the eight (8) plaintiffs who have now opted into the instant *Woodall* action. Specifically, Verdie Ali, Janice Carter, Regina Barber, Paul Tuck, Robin J. Tuck, Fester Moore, Christopher Henry, and Opal Anderson are all identical names to those that appear on the *Wallace* putative collective member list.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 12, 2023

*/s/ John A. Ybarra*
Matthew J. Ruza