IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ELANDER WOODALL, Individually and**      **PLAINTIFF**
on Behalf of All Others Similarly Situated

vs.      No. 1:23-cv-459

**EVERGREEN PACKAGING LLC,**      **DEFENDANTS**
and PACTIV EVERGREEN INC.

## RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants' Supplemental Brief in Support of their Motion to Dismiss ("Supplemental Brief") (ECF No. 24) does not provide this Court with new information on which this Court could grant their Motion to Dismiss (ECF No. 10). Rather than providing new or relevant information, Defendants' Supplemental Brief is a statement of decontextualized relevant litigation colored with unfounded accusations of foul play. Defendants' Supplemental Brief asserts that because the eight individuals who have opted into this case worked in Arkansas, Plaintiff can only be seeking to litigate the same case simultaneously in two separate jurisdictions, an accusation proven untrue with even a cursory glance at the litigation of this case and *Wallace v. Evergreen Packaging, LLC* ("*Wallace*"), No. 4:22-cv-337-KGB (E.D. Ark.).

**A. Plaintiff and Opt-in Plaintiffs cannot pursue their claims in *Wallace*, and therefore cannot litigate claims simultaneously with *Wallace*.**

Defendants' Supplemental Brief relies on a misstatement of the timeline of both this case and *Wallace*. A closer look at the procedural history of both cases shows that

Page 1 of 9
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Response to Defendants' Supplemental Brief in Support of Their Motion to Dismiss

there is no claim-splitting because Plaintiff and the Opt-in Plaintiffs are barred from pursuing claims in *Wallace*.

The plaintiffs in *Wallace* filed their Motion for Conditional Certification on July 25, 2022. *See* Mot. for Conditional Certification, *Wallace*, No. 4:22-cv-337-KGB, ECF No. 18. Plaintiff filed her consent to join *Wallace* on August 31, 2022, before Defendants responded to, or the *Wallace* court ruled on, the request for conditional certification. *See Wallace* Consent to Join, attached as Ex. 1. When Defendants responded to the *Wallace* plaintiffs' conditional certification motion, they raised jurisdictional issues regarding potential plaintiffs who worked for Defendants outside of Arkansas and the Wallace plaintiffs agreed that the putative collective should be limited to Defendants' Arkansas facilities in accordance with the Eighth Circuit's holding in *Vallone v. CJS Sols. Grp., LLC*, 9 F. 4th 861 (8th Cir. 2021). *See* Defs.' Resp. in Opp. to Pls.' Mot. for Conditional Certification, *Wallace*, No. 4:22-cv-337-KGB, ECF No. 55 (filed 11/23/2022). As a resident of the State of Georgia who worked for Defendants exclusively within Georgia, Plaintiff was unable to be properly joined to any putative collective in *Wallace*, and accordingly, withdrew her consent to join *Wallace* with no objection from Defendants on January 25, 2023. *See* Notice of Withdrawal, attached as Ex. 2. Plaintiff filed this case to pursue her claims in this jurisdiction the same day.

On March 31, the *Wallace* court entered an Order conditionally certifying a collective of hourly-paid production workers, specifically limited to Defendants' Arkansas facilities. *Wallace* Order, attached as Ex. 3. This Order foreclosed any possibility for Plaintiff to pursue her claims in *Wallace* because she does not fit the *Wallace* class definition. Accordingly, Plaintiff did not improperly split her claims. She withdrew her

Page 2 of 9
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Response to Defendants' Supplemental Brief in Support of Their Motion to Dismiss

claims from a case she was not eligible to join and refiled her claims in a more fitting jurisdiction. She obviously and clearly does not have claims pending in two jurisdictions, and any ruling in *Wallace* with have zero effect on Plaintiff's claims here.

This is also true of the individuals who have opted into this case. The opt-in period in *Wallace* closed on August 7. Plaintiffs' counsel received many consents to join after August 7, and Defendants agreed to allow eight of those late consents to join *Wallace* but were explicit that no others would be permitted. *See* August 11th Emails regarding late Consents, attached as Ex. 4. Because the *Wallace* opt-in period has ended and Defendants have made clear that no more individuals will be permitted to join *Wallace*, *Wallace* is effectively closed and no employees who have not already joined *Wallace* may pursue their claims in that lawsuit. Opt-in Plaintiffs in this case do not have claims running in two jurisdictions; they are barred from joining the Arkansas case and have properly joined this one instead. Again, any ruling from this Court will not be duplicative of or impose upon any decision in *Wallace*, and this Court is free to rule without bearing on any other pending lawsuits. Indeed, the closure of the opt-in period in *Wallace* is the genesis of request for conditional certification in this case.

Plaintiff may properly pursue her claims here because she does not fit the class definition of *Wallace* and could not ever properly pursue her claims in *Wallace*. Opt-in Plaintiffs in this case, who worked in Arkansas but **are not joined** to *Wallace*, may properly pursue their claims here because they have no claims pending in *Wallace* and no longer have the possibility of pursuing their claims in *Wallace*. The Plaintiffs in this case are wholly and completely separate from the plaintiffs in *Wallace* and pursuit of litigation in this district is proper.

Page 3 of 9
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Response to Defendants' Supplemental Brief in Support of Their Motion to Dismiss

**B. Conditional certification is this case is permissible and proper.**

While Defendants couch their concerns as "claim splitting," their chief concern appears to be that conditional certification of the class requested in this case would overlap the notice list in *Wallace*. While Plaintiff believes these concerns are better raised in a response to her properly filed Motion for Conditional Certification, she will briefly address the issue here.

To begin with, Defendants' employees who opted into *Wallace* ("*Wallace* plaintiffs") are no longer similarly situated to Plaintiff and therefore not eligible to receive notice. There is no question that *Wallace* plaintiffs cannot pursue their claims in this case as they have already elected to pursue their claims in *Wallace*. Plaintiff seeks to certify a class of similarly situated employees during the relevant statutory period who have not already joined an action and are therefore not barred from pursuing their claims. Thus, the class list for this case would not include the information for any employee who opted into *Wallace*. But even if it did, Plaintiff's counsel are savvy enough to exclude from the distribution of the notice those people who opted into *Wallace*.

The plain language of the FLSA does not suggest that once a collective action case is finalized, no more collective actions covering the same time period can be brought. *See* 29 U.S. Code § 216 ("An action to recover [minimum or overtime wages under the FLSA] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). The goals and policies behind the FLSA also favor certification. The FLSA is "remedial and humanitarian in purpose," and it is not to be "interpreted or applied in a narrow, grudging manner." *Kampfer v. Fifth*

Page 4 of 9
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Response to Defendants' Supplemental Brief in Support of Their Motion to Dismiss

*Third Bank*, No. 3:14 cv 2849, 2016 U.S. Dist. LEXIS 37056, at *6 (N.D. Ohio Mar. 22, 2016). Instead, courts are to "interpret the FLSA broadly in favor of employees." *Ransom v. M. Patel Enters., Inc.*, 825 F. Supp. 2d 799, 810 (W.D. Tex. 2011). Further, "allowing [a] case to go forward as a collective action takes into account the fundamental purpose of the FLSA by lowering costs to plaintiffs and efficiently resolving the issues in one proceeding." *Gatewood v. Koch Foods of Miss., LLC*, No. 3:07CV82-KS-MTP, 2009 U.S. Dist. LEXIS 113896, at *61–62 (S.D. Miss. Oct. 20, 2009).

Citing the plain language of the FLSA and/or the policy considerations underlying the FLSA, other courts have found that a largely duplicative second collective action is not prohibited, even where the second case involves the same claims, time periods and class members as the first. For example, in *Akins v. Worley Catastrophe Response, LLC*, the court permitted a second collective action to proceed even though the previous collective action involved similar claims, class members and time periods because the previous action had already concluded. No. 12-2401, 2013 U.S. Dist. LEXIS 51272, at *24-30 (E.D. La. Apr. 8, 2013). The *Akins* court had concerns such as "the risks of duplication, expense and inherent inconsistencies," but the *Akins* court also recognized that nothing in the FLSA suggested any prohibition on the procedure. *Id.* at *25, 28–29. The fact that class members only become part of the class if they file a consent to join necessarily means that there is no legal effect of failing to join the first case. *See Id*. at *26–27. But to deny class members the opportunity to join a subsequently-filed lawsuit is to give severe legal effect to the failure to join the prior collective action—a decision that is contrary to the law. *Id*.

Page 5 of 9
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Response to Defendants' Supplemental Brief in Support of Their Motion to Dismiss

Likewise, a subsequent collective action involving "identical issues" as a previous action was also permitted in *Yates v. Wal-Mart Stores, Inc.*, 58 F. Supp. 2d 1217 (D. Colo. 1999). The *Yates* court noted that "there is nothing in the language of the FLSA which would suggest a Congressional intent to absolutely preclude FLSA claims by those who receive notice of a collective action, but fail timely to opt in." *Id.* at 1218. The court also recognized that the FLSA "provides for no legal effect on those parties who choose not to participate." *Id.*

Keeping in mind the FLSA's "humanitarian purpose" and the directive to avoid interpreting and applying the FLSA in a "narrow and grudging manner," the court in *Kampfer v. Fifth Third Bank*, determined that the plain language of the FLSA did not preclude a subsequent collective action. No. 3:14 cv 2849, 2016 U.S. Dist. LEXIS 37056, at *5–9 (N.D. Ohio Mar. 22, 2016). Accordingly, the *Kampfer* court certified the collective action to include employees who did not opt into the prior action. *Id*.

This line of cases reveals a general agreement that there is no detriment to class members who receive notice, but do not opt into a case. The notice sent in the *Wallace* case ("*Wallace* employees") echoes this principal, specifically informing recipients that if they choose not to participate, then they will not be bound by the outcome of the case. *See Wallace* Court Authorized Notice of Collective Action Lawsuit ("*Wallace* Notice"),[1] attached as Ex. 5. Although the *Wallace* Notice instructed *Wallace* employees that they would not be bound by the outcome of the case, by arguing that *Wallace* employees should not be permitted to join this case, Defendants are attempting to bind them to having waived their right to pursue their claims, despite their non-participation in *Wallace*.

---

[1] Relevant portions have been highlighted.

Page 6 of 9
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Response to Defendants' Supplemental Brief in Support of Their Motion to Dismiss

The *Akins* court identified similar language in the notice sent out in that case's predecessor when conducting its analysis. 2013 U.S. Dist. LEXIS 51272, at *26. It is highly misleading for a notice to instruct recipients that they will not be bound by the outcome of the first case if they choose not to participate, without instructing them that, regardless of whether they participate, they will be forfeiting their legal right to participate in or receive notice of future collective actions simply as a result of having been sent that notice.

Despite Defendants' implications otherwise, there is no unfairness to Defendants in permitting a later-filed case covering the same claims, employees and time periods to proceed as a collective action. First, Defendants are protected from having to defend against <u>simultaneous</u> proceedings by the first-filed rule. *See Tillery v. Higman Barge Lines, Inc.*, No. 2:14-CV-40, 2014 U.S. Dist. LEXIS 59042, at *3–5 (S.D. Tex. Apr. 29, 2014). Because this case is going to proceed regardless of which groups of Defendants' employees receive notice, it is not unfairly prejudicial to Defendants to permit notice in this case to go out to *Wallace* employees, many of whom will receive notice in this case anyway by virtue of having continued their employment with Defendants after the *Wallace* notice. This is especially true in light of the goals and purposes of the FLSA, which are furthered by the simple, innocuous act of providing notice to Defendants' employees who may have been harmed by Defendants' pay practices that this case is pending and providing them an opportunity to join.

Another reason that permitting *Wallace* employees to receive a new notice is not unfair to Defendants is that Defendants have been aware that those individuals have potential claims against them since the filing of the *Wallace* case. There is no surprise to

Page 7 of 9
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Response to Defendants' Supplemental Brief in Support of Their Motion to Dismiss

Defendants, and Defendants have had time to prepare for the possibility that each of the *Wallace* employees might file his own case. *What Defendants really want is a windfall.* If the Court bars further collective proceedings, Defendants may rest in the knowledge that those employees with smaller claims would be unlikely to individually pursue their own claims. *See Vanzzini v. Action Meat Distribs.*, 995 F. Supp. 2d 703, 722 (S.D. Tex. 2014) ("This Court fully understands that plaintiffs can 'hardly be expected to pursue these small claims individually, so there is little likelihood that their rights will be vindicated in the absence of a collective action.'").

Ultimately, it is contrary to the plain language, goals and purposes of the FLSA, and to considerations of fairness, to find that an employee's failure to opt into a collective action should preclude any further statutory right to receive notice of and participate in a future case. *Wallace* provided its class members with a mere ninety-day period in which to opt in, but failed to instruct them that their failure to do so would preclude future collective action notices. There is no purpose to be served in extinguishing the fundamental, statutory right to participate in a collective action in such a limited time frame under any circumstances, but especially not where the class members were not forewarned, but rather were assured that their failure to participate would be non-binding. Defendants' effort to circumvent the FLSA statutory limitations period and collective action procedure with its own artificial scheme to limit participation should be rejected.

Because it does not provide any new information regarding Plaintiff or Opt-in Plaintiffs' claims, but instead argues against a putative collective in this case, Defendants' Supplemental Brief does not provide a basis for dismissal. Defendants' Motion to Dismiss must be denied.

Page 8 of 9
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Response to Defendants' Supplemental Brief in Support of Their Motion to Dismiss

Respectfully submitted,

**ELANDER WOODALL, Individually and on Behalf of Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 9 of 9**
**Elander Woodall, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:23-cv-459**
**Response to Defendants' Supplemental Brief in Support of Their Motion to Dismiss**