IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELANDER WOODALL, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>EVERGREEN PACKAGING, LLC And PACTIV EVERGREEN, INC.,<br><br>      Defendants. | Case No. 23 C 459<br><br>Judge Harry D. Leinenweber |

## ORDER

Defendants' Motion to Dismiss is denied.

## STATEMENT

This case involves a Complaint for collective action under the Fair Labor Practices Act ("FLSA"), 26 U.S.C. § 201 *et seq.* The Plaintiff seeks overtime compensation denied him by his employers, the Defendants Evergreen Packaging, LLC and Pactiv Evergreen, Inc. (collectively "Evergreen"). The allegation is that Evergreen illegally rounded hours worked downwards in 15-minute segments which potentially reduced overtime by as much as 15 minutes, per an eight-hour day.

A hitch in the action is because the named Plaintiff in this case originally "opted in," pursuant to § 216(b) of FLSA, to a virtually identical collective action pending in the Eastern District of Arkansas entitled *Wallace v. Evergreen Packaging LLC*, Case No. 4.22-cv-337-KGB. However, without an objection from Evergreen, she subsequently opted out of the Arkansas proceeding

and on the same date filed this collective action in the Northern District of Illinois on behalf of herself and other similarly situated employees of Defendants. Her stated reason for doing so was a concern, as a Georgia resident working at Evergreen's Georgia facility, whether the Arkansas court had jurisdiction to hear her claim. Sometime after Plaintiff had opted out, the Arkansas court certified a collective action limited to employees of Defendants who were Arkansas residents. The Arkansas Court then set an opt-in deadline that has since passed so that the class is closed to other employees of Evergreen.

Evergreen has moved to dismiss this suit arguing that Plaintiff, having first opted into the Arkansas case, and subsequently filed this putative collective case after opting out, has split her cause of action between the Arkansas case and this Illinois case contrary to law which requires that all of a party's related claims must be brought in a single cause of action. Evergreen cites *Chicago Title and Trust Co. v. Potash Corp. of Saskatchewan,* 664 F.3d 1075, 1081 (7th Cir. 2011) and *Serin v. Arthur Anderson & Co.,* 3 F.3d 221, 223 (7th Cir. 1992).

Both of these cases stand for the uncontroversial proposition that a party must file all of its related claims in a single lawsuit, and you cannot split a single claim into two separate lawsuits. *Potash Corp.* involved an attempt by a party plaintiff to file separate lawsuits, one against a corporation and a second one against the corporate officers. *Serin* involved the filing of "duplicate" lawsuit in federal court that were assigned to separate judges. The plaintiff's concern was the legality of service of process. The court defined duplicate lawsuits to include the same claims, the same parties, and the same available relief. *Serin*, 3 F.3d at 223.

Evergreen seems to view the fact that Plaintiff at one time was a party to the Arkansas lawsuit and her filing a duplicate lawsuit after removing herself, constitutes claim splitting. However, as was pointed out in *Kampfer v. Fifth Third Bank,* 2016 WL 1110257 (N.D. Ohio 2016) and *Yates v. Walmart Stores,* 58 F.Supp. 2d, 1217, 1218 (D. Colo. 1999), the FLSA does not expressly prohibit a second collective action after the class is closed in the initial action. When an employee receives notice of a collective action, he has three alternatives: (1) opt in, (2) file his own suit, or (3) do nothing. While Defendant rails against Plaintiff's actions here, there is obviously no claim splitting. First, the Arkansas case is limited to Defendants' employees who were employed in Defendants' plants in Arkansas and Plaintiff is employed by Defendants in their plant in Georgia. Second, the class is now closed in Arkansas and Plaintiff could not join if she wanted to. Third, Plaintiff is not foreclosed from filing her own individual case in Illinois where Defendants are domiciled. The record is clear that she withdrew from the Arkansas case without any objection on behalf of the Defendants. They do not cite any law that prohibits a party from withdrawing from a collective action. There can be myriad reasons for a party to withdraw. For example, she doesn't like the lawyer, she would prefer to litigate at a more friendly court, or, as the Plaintiff states here, she was concerned that the court may not have jurisdiction over non-Arkansas residents. Clearly there is no claim splitting involving Plaintiff because she is a Plaintiff in the Illinois suit but not a Plaintiff in the Arkansas suit. The class there is closed, and it would be easy to detect if a party currently a party in Arkansas, sought to become a party in Illinois. This of course would not be allowed and can easily be avoided by checking the caption of each case for duplicates.

However, a party wronged by defendants by a FLSA violation is entitled to present her claim in some forum so long as the forum is convenient, and jurisdiction is established. Plaintiff is not seeking to recover in two courts.

The Motion to Dismiss is denied.

                                              Harry D. Leinenweber, Judge
                                              United States District Court

Dated: 10/19/2023