IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ELANDER WOODALL, Individually and on Behalf of All Others Similarly Situated** | |
| Plaintiff, | |
| v. | No. 1:23-CV-459 |
| **EVERGREEN PACKAGING, LLC AND PACTIV EVERGREEN, INC.,** | Honorable Harry D. Leinenweber |
| Defendants. | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Defendants Evergreen Packaging, LLC and Pactiv Evergreen, Inc. (hereinafter "Defendants"), by and through their attorneys, Littler Mendelson, P.C., for their Answer to Plaintiffs' Collective Action Complaint state as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

**ANSWER:** Defendant admits that Plaintiff Elander Woodall ("Plaintiff") purports to bring this case as a collective action under the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., ("FLSA") and that Plaintiff asserts individual claims under the FLSA. Defendants deny that Plaintiff is similarly situated to any other individuals and deny that this case should proceed as a collective action. Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' policy and practice of failing to pay proper overtime compensation under the FLSA.

**ANSWER:** Defendants admit that Plaintiff seeks the foregoing remedies but deny that Defendants violated any law, and that Plaintiff is entitled to any form of relief. Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3. Plaintiff filed a Consent to Join a lawsuit called Wallace v. Evergreen Packaging, LLC, Case No. 4:22-cv-337-KGB (E.D. Ark.) on August 31, 2022, and the statute of limitations on her claim should be deemed tolled as of that date. Concurrently herewith, she has withdrawn her Consent in the Wallace case.

**ANSWER:** Defendants admit that Plaintiff filed a consent to join the lawsuit entitled *Wallace v. Evergreen Packaging*, Case No. 4:22-cv-337-KGB (E.D. Ark.) on August 31, 2022, and that Plaintiff withdrew her consent form in the *Wallace* case. Defendants deny the remaining allegations of Paragraph 3 of the Complaint.

4. Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

**ANSWER:** Defendants deny the allegations in Paragraph 4 of the Complaint.

## II.     JURISDICTION AND VENUE

5. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

**ANSWER:** Defendants admit that this Court has subject matter jurisdiction over this suit but deny that Plaintiff is entitled to any relief under the claims brought in this case.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendants, and Defendants therefore "reside" in Illinois.

**ANSWER:** Defendants admit that venue properly lies in this Court for Plaintiff's claims. Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7. Defendants are headquartered in Lake Forest; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

**ANSWER:** Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants do business in this District, and a substantial part of the events alleged herein occurred in this District.

**ANSWER:** Defendants admit that they conduct business within the State of Illinois. Defendants deny the remaining allegations of Paragraph 8 of the Complaint.

9. Upon information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

**ANSWER:** Defendants deny the allegations in Paragraph 9 of the Complaint.

### III. THE PARTIES

10. Plaintiff is an individual and resident of Georgia.

**ANSWER:** Defendants admit that Plaintiff Elander Woodall is an individual. Defendants are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 10 of the Complaint and therefore deny the same.

11. Separate Defendant Evergreen Packaging LLC ("Evergreen") is a foreign limited liability company registered to do business in Illinois.

**ANSWER:** Defendants admit the allegations in Paragraph 11 of the Complaint.

12. Evergreen's registered address for service is Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**ANSWER:** Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Evergreen maintains a website at https://evergreenpackaging.com/.

**ANSWER:** Defendants admit the allegations in Paragraph 13 of the Complaint.

14. Separate Defendant Pactiv Evergreen Inc. ("Pactiv") is a foreign, for-profit corporation.

**ANSWER:** Defendants admit the allegations in Paragraph 14 of the Complaint.

15. Pactiv's registered address for service is Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

**ANSWER:** Defendants admit the allegations in Paragraph 15 of the Complaint.

16. Pactiv maintains a website at https://pactivevergreen.com/.

**ANSWER:** Defendants admit the allegations in Paragraph 16 of the Complaint.

## IV.     FACTUAL ALLEGATIONS

17.     Evergreen is an "employer" within the meaning set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

**ANSWER:** Defendants admit that Evergreen is an employer and was Plaintiff's employer. Defendants deny the remaining allegations of Paragraph 17 of the Complaint.

18.     Evergreen is a manufacturer of various beverage packaging, paper, and paperboard products. Evergreen is a part of Pactiv Evergreen Inc.[1]

**ANSWER:** Defendants admit that Evergreen is a manufacturer of various beverage packaging, paper, and paperboard products. Defendants lack sufficient knowledge to define Plaintiff's statement that "Evergreen is part of Pactiv Evergreen, Inc." and therefore denies the allegation.

19.     Evergreen operates multiple manufacturing facilities worldwide, including a facility in Georgia, and has a corporate headquarters located in Illinois that centralizes all pay, time and human resources policies so that they are the same across its facilities.

**ANSWER:** Defendants admit that Evergreen operated a manufacturing facility in Georgia and maintains its corporate headquarters in Illinois. Defendants deny the remaining allegations of Paragraph 19 of the Complaint.

20.     Evergreen has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to manufacture beverage packaging, paper, and paperboard products.

**ANSWER:** Defendants admit the allegations in Paragraph 20 of the Complaint.

21.     Evergreen's annual gross volume of sales made, or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

**ANSWER:** Defendants admit the allegations in Paragraph 21 of the Complaint.

22.     Pactiv is an "employer" within the meaning set forth in the FLSA and was, at all

---

[1] The Evergreen Packaging Story, Evergreen Packaging, https://evergreenpackaging.com/about-us/ (last visited Sept. 7, 2022).

times relevant to the allegations of this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

**ANSWER:** Defendants admit that Pactiv is an "employer" within the meaning of the FLSA. Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23. Pactiv is a manufacturer and distributor of various food service, food merchandising, and beverage merchandising products.

**ANSWER:** Defendants admit the allegations in Paragraph 23 of the Complaint.

24. Pactiv operates multiple manufacturing and distribution facilities worldwide, including a manufacturing facility in Georgia, and has a corporate headquarters located in Illinois that centralizes all pay, time and human resources policies so that they are the same across its facilities.

**ANSWER:** Defendants admit that Pactiv maintains its corporate headquarters in Illinois. Defendants deny the remaining allegations of Paragraph 24 of the Complaint.

25. Pactiv's annual gross volume of sales made, or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

**ANSWER:** Defendants admit the allegations in Paragraph 25 of the Complaint.

26. Evergreen and Pactiv jointly operate the manufacturing facilities at which Plaintiff and the collective members were employed.

**ANSWER:** Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants, together, have unified control over employees and jointly exercise authority over Plaintiff and other employees, set the pay policy applicable to Plaintiff and the others, and control the work schedule of Plaintiff and the others.

**ANSWER:** Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Upon information and belief, the revenue generated from Evergreen and Pactiv was merged and managed in a unified manner.

**ANSWER:** Defendants deny the allegations of Paragraph 28 of the Complaint.

29. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

**ANSWER:** Defendants deny the allegations in Paragraph 29 of the Complaint.

30. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

**ANSWER:** Defendants admit that they are subject to the FLSA. Defendants deny the remaining allegations in Paragraph 30 of the Complaint.

31. Defendants employed Plaintiff as a production worker within the three years preceding the filing of this lawsuit.

**ANSWER:** Defendants admit that Evergreen employed Plaintiff within the meaning of the FLSA. Defendants lack sufficient knowledge as to Plaintiff's definition of "production worker," and on that basis, deny the remaining allegations in Paragraph 31 of the Complaint.

32. Plaintiff was employed by Defendants as an hourly-paid production worker from 2017 to approximately July of 2020.

**ANSWER:** Defendants admit that Plaintiff was employed by Evergreen in an hourly position from 2017 to approximately July of 2020. Defendants deny the remaining allegations in Paragraph 32 of the Complaint.

33. During the time period relevant to this case, Plaintiff was employed at Defendants' manufacturing facility in Athens, Georgia.

**ANSWER:** Defendants admit that Plaintiff was employed by Evergreen at its facility in Athens, GA. Defendants deny the remaining allegations of Paragraph 33 of the Complaint.

34. Defendants classified Plaintiff as an hourly employee, nonexempt from the overtime requirements of the FLSA.

**ANSWER:** Defendants admit that during her employment with Evergreen, Plaintiff was classified as an hourly non-exempt employee. Defendants deny any remaining allegations in Paragraph 34 of the Complaint.

35. Defendants also employed other production workers.

**ANSWER:** Defendants admit that Evergreen employed, and employs, other workers, but deny that those workers are similarly situated to Plaintiff. Defendants lack sufficient knowledge

as to Plaintiff's definition of "production workers," and on that basis, deny the remaining allegations in Paragraph 35 of the Complaint.

36. Defendants also classified other production workers as hourly employees, nonexempt from the overtime requirements of the FLSA.

**ANSWER:** Defendants admit that Evergreen employed, and employs, other workers, but denies that those workers are similarly situated to Plaintiff. Defendants lack sufficient knowledge as to Plaintiff's definition of "production workers," and on that basis, deny the remaining allegations in Paragraph 36 of the Complaint.

37. Defendants directly hired Plaintiff and other production workers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

**ANSWER:** Defendants admit that Evergreen directly hired Plaintiff, paid Plaintiff's wages and benefits, and controlled Plaintiff's schedule, duties, assignment, and employment conditions. Defendants also admit that Evergreen kept employment records related to Plaintiff. Defendants lack sufficient knowledge regarding Plaintiff's definition of "production workers," and on that basis, deny the remaining allegations in Paragraph 37 of the Complaint.

38. Plaintiff and other production workers recorded their hours worked via an electronic timekeeping system, which logged their hours into an electronic payroll system maintained by Defendants.

**ANSWER:** Defendants aver that Plaintiff was typically scheduled to work eight hours per day, subject to occasional variations. Defendants lack sufficient knowledge regarding Plaintiff's definition of "production workers," and on that basis, deny the remaining allegations in Paragraph 38 of the Complaint.

39. Upon information and belief, Defendants rounded hours worked by Plaintiff and other production workers' hours in Defendants' favor by rounding down in approximately fifteen-minute increments.

**ANSWER:** Defendants deny the allegations in Paragraph 39 of the Complaint.

40. For example, if a production worked clocked in for 8 hours and 10 minutes, Defendants would round that worker's hours down to exactly 8 hours.

**ANSWER:** Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants' rounding practice resulted in hours worked by production workers which went unrecorded and uncompensated.

**ANSWER:** Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Because Plaintiff and other production workers regularly worked over forty hours in a week, the hours which went uncompensated due to Defendants' rounding practices created overtime violations.

**ANSWER:** Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Because Plaintiff and other production workers worked hours which went uncompensated in weeks in which they also worked over forty hours, Defendants failed to pay Plaintiff and other production workers a lawful overtime premium for all hours worked over forty each week.

**ANSWER:** Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants knew or should have known that Plaintiff and other production workers were working additional hours for which they were not compensated.

**ANSWER:** Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Upon information and belief, Defendants' clock-in and rounding policies were the same for all production workers.

**ANSWER:** Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendants' facilities because they stem from a centralized human resources policy implemented uniformly from the corporate headquarters.

**ANSWER:** Defendants deny the allegations in Paragraph 46 of the Complaint.

47. At all relevant times herein, Defendants have deprived Plaintiff and other production workers of regular wages and proper overtime compensation for all of the hours worked over forty per week.

**ANSWER:** Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Plaintiff worked over forty hours and therefore incurred damages in most weeks during her employment with Defendants.

**ANSWER:** Defendants admit that, on occasion, Plaintiff would work more than forty hours in a week. Defendants deny the remaining allegations in Paragraph 48 of the Complaint.

49. Specifically, but without limitation, Plaintiff worked over forty hours and incurred damages in each of the following weeks: May 4, 2020; May 11, 2020; and May 18, 2020.

**ANSWER:** Defendants deny the allegations in Paragraph 49 of the Complaint.

50. The net effect of Defendants' rounding practices, as described above, is that Defendants intentionally rounded the hours of Plaintiff and other production workers in order to avoid paying them for all hours worked.

**ANSWER:** Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants made no reasonable efforts to ascertain and comply with applicable law.

**ANSWER:** Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants knew or showed reckless disregard for whether the way they paid Plaintiff and other production workers violated the FLSA.

**ANSWER:** Defendants deny the allegations in Paragraph 52 of the Complaint.

### V.     REPRESENTATIVE ACTION ALLEGATIONS

53. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Overtime premiums for all hours worked in excess of forty in any week;

   B. Liquidated damages; and

   C. Attorneys' fees and costs.

**ANSWER:** Defendants admit that Plaintiff seeks the foregoing remedies and purport to bring this case as a collective action but deny that they violated any law and deny that Plaintiff or any member of the putative collective is entitled to any form of relief. Defendants deny that Plaintiff is similarly situated to any other individuals and deny that this case should proceed as a collective action. Defendants deny the remaining allegations in Paragraph 53 of the Complaint.

54. Plaintiffs propose the following collective under the FLSA:

**All hourly-paid production workers who recorded
at least 39 hours in any week within the last three years, except
those who join Wallace v. Evergreen Packaging, LLC, Case No. 4:22-cv-337-KGB
(E.D. Ark.).**[2]

**ANSWER:** Defendants admit that Plaintiff seeks to certify the foregoing collective but deny that this case should proceed as a collective action or that any "collective" may be certified under the FLSA. Defendants deny the remaining allegations of Paragraph 54 of the Complaint.

55. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file written a Consent to Join this lawsuit.

**ANSWER:** Defendants admit that Plaintiff filed a consent to join form but deny that Plaintiff is similarly situated to any other individual and deny that this case should proceed as a collective action. Defendants deny the remaining allegations in Paragraph 55 of the Complaint.

56. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

**ANSWER:** Defendants deny the allegations in Paragraph 56 of the Complaint.

57. The proposed FLSA collective members are similarly situated in that they share these traits:

A. They were paid hourly;

B. They were subject to Defendants' common policy of rounding their time in favor of Defendants;

C. They worked over forty hours in at least one week;

D. They were subject to Defendants' common policy of failing to pay proper overtime wages as required by the FLSA; and

E. They had substantially similar job duties, requirements, and pay provisions.

---

[2] A civil case is currently pending in the United States District Court for the Eastern District of Arkansas against Evergreen Packaging LLC, alleging violations of the FLSA on a collective basis, with collective allegations limited to production facilities in the state of Arkansas. See Wallace v. Evergreen Packaging, LLC, No. 4:22-cv-337-KGB (E.D. Ark. filed Apr. 12, 2022).

**ANSWER:** Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 100 persons.

**ANSWER:** Defendants admit that Plaintiff purports to be "unable to state the exact number of the collective but believes that the collective exceeds 100 persons," but Defendants deny that this case should proceed as a collective action, that any "collective" may be certified under the FLSA, and that Plaintiff is similarly situated to any other individuals. Defendants deny the remaining allegations in Paragraph 58 of the Complaint.

59. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

**ANSWER:** Defendants deny the allegations in Paragraph 59 of the Complaint.

60. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

**ANSWER:** Defendants deny that Plaintiff is similarly situated to any other individuals and deny that this case should proceed as a collective action. Defendants deny the remaining allegations in Paragraph 60 of the Complaint.

## V. FIRST CLAIM FOR RELIEF
**(Individual Claim For Violation Of The FLSA)**

61. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

**ANSWER:** Defendants admit that Plaintiff seeks the foregoing remedies but deny that they violated any law or that Plaintiff is entitled to any form of relief.

62. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

**ANSWER:** Defendants admit that they are separate enterprises engaged in commerce within the meaning of the FLSA. Defendants deny the remaining allegations in Paragraph 62 of the Complaint.

63. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

**ANSWER:** Paragraph 63 of the Complaint purports to summarize statutory provisions, to which no response is required. To the extent that a response is deemed required, Defendants deny any violation of the referenced statutes and regulations. Defendants deny the remaining allegations in Paragraph 63 of the Complaint.

64. Defendants classified Plaintiff as nonexempt from the requirements of the FLSA.

**ANSWER:** Defendants admit that Evergreen classified Plaintiff as non-exempt from the overtime requirements of the FLSA. Defendants deny the remaining allegations in Paragraph 64 of the Complaint.

65. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendants failed to pay Plaintiff for all hours worked, including 1.5x her regular rate of pay for all hours worked in excess of 40 per week.

**ANSWER:** Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants knew or should have known that their actions violated the FLSA.

**ANSWER:** Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants' conduct and practices, as described above, were willful.

**ANSWER:** Defendants deny the allegations in Paragraph 67 of the Complaint.

68. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

**ANSWER:** Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

**ANSWER:** Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

**ANSWER:** Defendants deny the allegations in Paragraph 70 of the Complaint.

## VI. SECOND CLAIM FOR RELIEF
### (Collective Action Claim For Violation Of The FLSA)

71. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, et seq.

**ANSWER:** Defendants admit that Plaintiff seeks the foregoing remedies but deny that they violated any law or that Plaintiff is entitled to any form of relief.

72. At all times relevant times to this Complaint, Defendants have been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

**ANSWER:** Defendants admit that they are employers within the meaning of the FLSA. Defendants deny the remaining allegations in Paragraph 72 of the Complaint.

73. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

**ANSWER:** Defendants admit that they are separate enterprises engaged in commerce within the meaning of the FLSA. Defendants deny the remaining the allegations in Paragraph 73 of the Complaint.

74. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

**ANSWER:** Paragraph 74 of the Complaint purports to summarize statutory provisions, to which no response is required. To the extent that a response is deemed required, Defendants deny

13

any violation of the referenced statutes and regulations. Defendants deny the remaining allegations in Paragraph 74 of the Complaint.

75. Defendants classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

**ANSWER:** Defendants admit that Evergreen classified Plaintiff as non-exempt from the overtime requirements of the FLSA. Defendants deny the remaining allegations in Paragraph 75 of the Complaint.

76. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendants failed to pay Plaintiff and all those similarly situated an overtime rate of 1.5x their regular rates of pay for all hours worked over 40 per week.

**ANSWER:** Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

**ANSWER:** Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants knew or should have known that their actions violated the FLSA.

**ANSWER:** Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants' conduct and practices, as described above, were willful.

**ANSWER:** Defendants deny the allegations in Paragraph 79 of the Complaint.

80. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff, and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

**ANSWER:** Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

**ANSWER:** Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

**ANSWER:** Defendants deny the allegations in Paragraph 82 of the Complaint.

### VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Elander Woodall, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing Defendants to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

**ANSWER:** Defendants admit that Plaintiff seeks the foregoing remedies but deny that they violated any law or that Plaintiff is entitled to any form of relief listed above or otherwise.

### **AFFIRMATIVE AND OTHER DEFENSES**

In asserting these defenses, Defendants do not assume the burden of proof on any matters

15

for which Plaintiff rightfully bears the burden of proof. In addition, Defendants are continuing to investigate Plaintiff's allegations and therefore reserve the right to amend this pleading. The term "Plaintiff" as used below, refers to any and all current and future Plaintiffs in this lawsuit.

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendants state, in the alternative, if necessary, that if, in fact, they have failed to pay any non-exempt employees for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis*.

3. Plaintiff's claims are limited to the applicable two-year statute of limitations because Plaintiff cannot establish a willful violation of the FLSA. *See* 29 U.S.C. § 255.

4. To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, Plaintiff's claims are time barred.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

6. Plaintiff's claims are barred, in whole or in part, for any and all hours allegedly worked of which Defendants lacked actual or constructive knowledge.

7. Plaintiff's claims are barred because Plaintiff lacks standing to assert the legal rights or interests of others.

8. Plaintiff and the putative collective claims are barred because they lack standing to assert legal rights against Defendants who were not Plaintiff or the putative collective's employer.

9. Plaintiff's claims are barred, in whole or in part, because they consented to, acquiesced in, or ratified, through express or implied agreement, the conduct of which they now complain.

10. To the extent that Plaintiff and the putative collective members theories and representations in this case are inconsistent with their prior representations to Defendants, then

16

their claims may be barred by the doctrine of estoppel.

11. Defendants are not liable because their acts or omissions were in good faith and in reasonable reliance on an administrative regulation, order, ruling, approval, and interpretation of the United States Department of Labor, or an administrative practice or enforcement policy of the United States Department of Labor, with respect to the class of employers to which Evergreen belongs. *See* 29 U.S.C. §§ 258 and 259.

12. Defendants are not liable for liquidated damages because their acts or omissions were in good faith and Defendants had reasonable grounds for believing that its acts or omissions were not a violation of the FLSA. *See* 29. U.S.C. § 260.

13. Defendant's actions were not willful. No act or omission of Defendants which is alleged to violate the law was willful, knowing, or in reckless disregard for the provisions of the FLSA.

14. Plaintiffs' claims for liquidated damages and pre-judgment interest are barred to the extent that these forms of relief are duplicative of each other.

15. This case may not be maintained as a collective action because Plaintiffs are not similarly situated to the persons they seek to represent. *See* 29 U.S.C. § 216(b).

16. To the extent that Plaintiffs seek to recover for non-compensable time, their claims are barred.

17. Defendants compensated Plaintiff for all hours worked. Alternatively, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for period in which Plaintiff was not engaged to work.

18. Without waiving its ability to oppose class certification and explicitly asserting their opposition to the propriety of class and/or collective treatment, if the Court does certify a

class or collective in this case over Defendants' objections, then Defendants assert the affirmative defenses set forth in this pleading against each and every member of the certified class and/or collective.

19. Defendants expressly reserve the right to assert additional affirmative defenses or counterclaims at a later date.

WHEREFORE, Defendants respectfully request that, after due proceedings, the Court enter judgment in their favor dismissing Plaintiff's claims with prejudice and awarding Defendants any other relief this Court deems appropriate.

Dated: November 2, 2023

/s/ *John A. Ybarra*
By Their Attorneys

John A. Ybarra, Bar No. 6196983
jybarra@littler.com
Shanthi V. Gaur, Bar No. 6224996
sgaur@littler.com
Matthew J. Ruza, Bar No. 6321424
mruza@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL  60654
Telephone: 312.372.5520
Facsimile: 312.372.7880

**CERTIFICATE OF SERVICE**

I, John A. Ybarra, an attorney, hereby certifies that on November 2, 2023, I caused a true and correct copy of *Defendant's Answer to Plaintiffs' Collection Action Complaint* to be filed with the Clerk of the Court, using the Court's CM/ECF filing system, and served a true and correct copy of same via email upon the below counsel of record:

Josh Sanford
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com

*/s/ John A. Ybarra*
John A. Ybarra

4895-8287-5532.5 / 117816-1008