IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ELANDER WOODALL, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 1:23-cv-459

**EVERGREEN PACKAGING LLC,**     **DEFENDANTS**
**and PACTIV EVERGREEN INC.**

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION, FOR APPROVAL AND DISTRIBUTION OF NOTICE AND FOR DISCLOSURE OF CONTACT INFORMATION

Defendants' Response rests on improper merits-based and credibility-based arguments, inapplicable legal standards and alleged factual distinctions without a material difference. None of this is sufficient to overcome Plaintiff's evidence that the collective members were victims of a single decision, policy or plan imposed by Defendants. Defendants have provided no basis to reject Plaintiff's request for conditional certification or Plaintiff's proposed Notice and Notice-distribution procedure. Therefore, Plaintiff's Motion for Conditional Certification should be granted in its entirety.

**A.    The Court should grant Plaintiff's Motion for Conditional Certification.**

The Court should grant Plaintiff's Motion because Plaintiff has met her lenient burden to show that she is similarly situated to others who were subject to Defendants' unlawful practices and policies. Specifically, Plaintiff's declarations provide a factual basis demonstrating that Defendants' policy permitting timekeeping "grace periods" has resulted in unpaid overtime worked. Defendants' arguments that Plaintiff's declarations

Page 1 of 15
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Reply in Support of Motion for Conditional Certification, etc.

are insufficient evidence to prove this factual basis is an inappropriate credibility argument, which is particularly ironic given Defendants' heavy reliance on declarations from its own current employees. *See* Section 1, *infra*. Further, Plaintiff's declarations are sufficient to conditionally certify a nationwide class, despite Defendants' arguments otherwise. *See* Section 2, *infra*.

> 1. *Plaintiff's declarations are sufficient to support conditional certification of a group of hourly employees.*

While Defendants present various arguments against certification, they all rest on the premise that Plaintiff's supporting declarations are somehow lacking or insufficient. Defendants claim at various times that the declarations a) do not contain a statement of an FLSA violation; b) do not present evidence of a company-wide policy or practice; c) are too vague to support a showing of similarity with the collective Plaintiffs seek to certify; and d) are simply wrong. *See generally*, ECF No. 40. These arguments rest on a legally unsupportable fact-based analysis of Plaintiff's claims and the credibility of her declarations, which is improper at this stage of the litigation. *Williams v. Tophat Logistical Sols., LLC*, No. 23 C 1573, 2023 U.S. Dist. LEXIS 210215, at *17–18 (N.D. Ill. Nov. 27, 2023) (citing *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 855–56 (N.D. Ill. 2013)). The Court should grant Plaintiff's Motion because Plaintiff has met her lenient burden to show that she is similarly situated to others who were subject to Defendant's unlawful practice or policy.

> i. <u>Plaintiff has provided evidence of a common policy that violates the FLSA.</u>

Defendants' arguments that their policy of permitting "grace periods" for clocking in and out is lawful under the FLSA is irrelevant at this stage of the litigation because

Page 2 of 15
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Reply in Support of Motion for Conditional Certification, etc.

Plaintiff is not required to assert a policy that violates the FLSA on its face. Plaintiff's description of a lawful timekeeping policy that is unlawfully applied is fully sufficient to meet her burden for conditional certification. *See Williams v. Tophat Logistical Sols., LLC*, No. 23 C 1573, 2023 U.S. Dist. LEXIS 210215, at *19-20 (N.D. Ill. Nov. 27, 2023) (declining to "entertain[] at this juncture whether as a matter of law Plaintiffs have demonstrated they were misclassified" because "[a]t this stage, the Court does not make merits determinations."). *See also Bijoux v. Amerigroup N.Y., LLC*, No. 14-CV-3891 (RJD)(VVP), 2015 U.S. Dist. LEXIS 96442, at *15 (E.D.N.Y. July 23, 2015) ("[I]t is settled that the existence of a formal policy that is facially unlawful is not a prerequisite for conditional certification. Instead, it is sufficient to show that a facially lawful policy was implemented in an unlawful manner, resulting in a pattern or practice of FLSA violations.") (internal quotations omitted). Plaintiff has demonstrated that Defendants' policy permitting grace periods in timekeeping resulted in unrecorded and uncompensated working time, which is a policy that violates the FLSA. Decl. of Elander Woodall ("Decl. Woodall") ¶ 8–13, ECF No. 16-6; Decl. of Christopher Henry ("Decl. Henry") ¶ 8–13, ECF No. 16-7; Decl. of Opal Anderson ("Decl. Anderson") ¶ 8–13, ECF No. 16-8; Decl. of Fester Moore ("Decl. Moore") ¶ 8–13, ECF No. 16-9. Accordingly, Plaintiff has met her burden to state a policy that is unlawful under the FLSA to support conditional certification.

    ii.  <u>Plaintiff's Declarations are fact-based evidence.</u>

Plaintiff's declaration need only be based on personal knowledge. *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 761–762 (N.D. Tex. 2013). Personal knowledge of an employer's practices can be gained through conversations with other employees

Page 3 of 15
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Reply in Support of Motion for Conditional Certification, etc.

and observations made in the course of employment and can include inferences and opinions that are grounded in personal observation and experience. *Rosello v. Avon Prods.*, No. 14-1815 (JAG/BJM), 2015 U.S. Dist. LEXIS 83388, *14–15 (D.P.R. June 24, 2015) (Mag. Judge) ("Personal knowledge may be contextually inferred, and courts at the conditional certification stage often presume an employee's familiarity with his employer's general practices and the general experiences of other employees.") (adopted at 2015 U.S. Dist. LEXIS 133159 (D.P.R. Sept. 28, 2015)); *McCloud v. McClinton Energy Grp., LLC,* No. 7:14-CV-120, 2015 U.S. Dist. LEXIS 20374, at *12, n. 5 (W.D. Tex. Feb. 20, 2015); *see also generally Banegas v. Calmar Corp.*, No. 15-593 SECTION "B"(1), 2015 U.S. Dist. LEXIS 104532, at *12 (E.D. La. Aug. 10, 2015) (finding that the plaintiff's affidavit was based on the plaintiff's own observations and conversations, which were sufficient to demonstrate personal knowledge); *Simmons v. Valspar*, No. 10-3026 (RHK/SER), 2011 U.S. Dist. LEXIS 39340, at *11 (D. Minn. Apr. 11, 2011) (rejecting employer's argument that employee affidavits were not based on personal knowledge and finding that "[i]t is reasonable to infer from the evidence submitted that Plaintiffs, as employees of Valspar, would have learned during the normal course of their employment how the company operates and what the company's policies were") (internal citations, quotation marks and editing marks omitted).

In fact, courts regularly reject the idea that even a single plaintiff's declaration is insufficient to support conditional certification. *See Juarez v. 449 Res., Inc.*, 29 F. Supp. 3d 363, 369 (S.D.N.Y. 2014) (recognizing that courts "often authorize notice based solely on the personal observations of one plaintiff's affidavit") (internal citations and

Page 4 of 15
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Reply in Support of Motion for Conditional Certification, etc.

quotation marks omitted).[1] A court in this district conditionally certified a collective based on one single affidavit, noting that "plaintiff's factual burden at this stage is low and her declaration in support of allegations in the complaint is sufficient to demonstrate that she and others were victims of a common overtime pay policy that violated the law." *Szarka v. BDH Custard, Inc.*, No. 21-cv-845, 2021 U.S. Dist. LEXIS 150892, at *4 (N.D. Ill. Aug. 11, 2021). The issue is whether the declaration supports a finding that the collective is sufficiently similar that notice should issue providing an opportunity to join.

Plaintiff's multiple declarations meet this standard. In the declarations, Plaintiff and Opt-in Plaintiffs describe their own experiences, their own observations of the members of the collective, and the policies of Defendants which resulted in the FLSA violations. *See generally*, Decl. Woodall; Decl. Henry; Decl. Anderson; Decl. Moore. Defendants assert that the declarations are too "boilerplate" to support certification, but even a cursory glance at the declarations show that they are full of specific factual assertions based on Plaintiff and Opt-in Plaintiffs' own experiences. Plaintiff and Opt-in Plaintiffs very clearly outlined Defendants' policies that violated the FLSA. As hourly-paid production workers, Plaintiff and Opt-in Plaintiffs regularly clocked in a few minutes prior to the start of their scheduled shift and began working and regularly clocked out a few minutes after the end of their scheduled shift but were paid only for their scheduled shift time. Decl. Woodall ¶ 9–13; Decl. Henry ¶ 9–13; Decl. Anderson ¶ 9–13; Decl.

---

[1] *Hernandez v. Bare Burger Dio Inc.*, 2013 U.S. Dist. LEXIS 89254, at *7 (S.D.N.Y. June 18, 2013) ("[C]ourts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit.") (collecting cases); *Austin v. Cuna Mut. Ins. Soc'y*, 232 F.R.D. 601, 606-07 (W.D. Wis. 2006); *Davis v. Novastar Mortg., Inc.*, 408 F. Supp. 2d 811, 816 (W.D. Mo. 2005) ("[I]n *Boyle v. Barber & Sons*, [2004 U.S. LEXIS 29168, *9 (W.D. Mo. May 21, 2004)], this Court granted conditional certification based on the affidavit of one former employee."); *Neagley v. Atascosa County EMS*, 2005 U.S. Dist. LEXIS 230, *6–11 (W.D. Tex. Jan. 7, 2005) (conditionally certifying class based solely on plaintiff's complaint); *Banegas v. Calmar Corp.*, 2015 U.S. Dist. LEXIS 104532, *10–13 (E.D. La. Aug. 6, 2015) (rejecting a categorical rule that conditional certification requires multiple named plaintiffs or multiple affidavits because it would categorically result in limited certification).

Page 5 of 15
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Reply in Support of Motion for Conditional Certification, etc.

Moore ¶ 9–13. As a result, Plaintiff and Opt-in Plaintiffs worked up to 20 minutes of unpaid time per day. Decl. Woodall ¶ 12; Decl. Henry ¶ 12; Decl. Anderson ¶ 12; Decl. Moore ¶ 12. Plaintiff and Opt-in Plaintiffs know these policies apply to all of Defendants' hourly-paid production workers because they personally witnessed other workers using the same time clock and working the same hours and discussed Defendants' timekeeping systems and worker schedules with other employees. Decl. Woodall ¶ 8, 16–17; Decl. Henry ¶ 8, 16–17; Decl. Anderson ¶ 8, 16–17; Decl. Moore ¶ 8, 16–17.

Plaintiff is not required to provide extensive detail for conditional certification because her burden is lenient and requires only that she present a colorable basis for her claim that the notice recipients were the victims of a single decision, policy or plan, which Plaintiff has done. *Smith v. Family Video Movie Club, Inc.*, No. 11 C 1773, 2012 U.S. Dist. LEXIS 21935, at *4 (N.D. Ill. Feb. 22, 2012) (citing *Jirak v. Abbott Laboratories, Inc.*, 566 F. Supp.2d 845, 847-48 (N.D. Ill. 2008); *Wynn v. Express, LLC*, 2012 U.S. Dist. LEXIS 14392 (N.D. Ill. 2012)). In fact, Plaintiff has alleged sufficient, detailed facts demonstrating that the members of the putative class were subject to a uniform policy of failing to properly compensate its hourly production workers. Defendants had a single policy that applied to all hourly production workers that violated the FLSA. This is the basis of Plaintiff's assertion of similarity.

### iii. The Court should disregard Defendants' attempt at undermining Plaintiff's declarations' credibility.

Defendants' claim that the similarity of Plaintiff's declarations somehow renders them less credible is disingenuous: Plaintiff's declarations are similar because Plaintiff and Opt-in Plaintiffs are similarly situated in that they were all subject to an identical unlawful pay scheme. *See, e.g.*, Order, *Simmons v. Ark. Blue Cross & Blue Shield*,

Page 6 of 15
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Reply in Support of Motion for Conditional Certification, etc.

4:20-cv-137-KGB (E.D. Ark. Feb. 19, 2021), ECF No. 21 (finding "nearly identically worded declarations . . . sufficient to show that all members of the proposed collective were subject to a common policy or plan: refusing to pay plaintiffs and other information security analysts at a rate of one-and-one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.").

Further, the Court should disregard the declarations Defendants filed in support of its Opposition Response. The declarations have no bearing on whether Plaintiff has met her burden at this stage of the litigation. *See Becerra v. IM LLC-I*, No. CV 14-2671 (ADS)(ARL), 2015 U.S. Dist. LEXIS 56240, at *9 (E.D.N.Y. Apr. 29, 2015). Likewise, statements gathered by employers from its current employees "are of limited evidentiary value in the FLSA context because of the potential for coercion." *Id.* (quoting *Amador v. Morgan Stanley & Co. LLC*, 2013 U.S. Dist. LEXIS 19103, at *8 (S.D.N.Y. Feb. 7, 2013)); *see also Bilskey v. Bluff City Ice, Inc.*, No. 1:13-cv-62 SNLJ, 2014 U.S. Dist. LEXIS 10772, at *8 (E.D. Mo. Jan. 29, 2014) ("courts have afforded such 'happy camper' affidavits no weight in similar FLSA suits at this early stage); *Bijoux v. Amerigroup N.Y., LLC*, No. 14-cv-3891-RJD-VVP, 2015 U.S. Dist. LEXIS 96442, at *36 (E.D.N.Y. July 23, 2015) ("However, declarations submitted in opposition to a motion for conditional certification carry limited weight, since the focus of the court's inquiry is not on the defendants' evidence, but on whether the plaintiffs have made their requisite showing." Additionally, considering Defendants' declarations as against Plaintiff's would result in the Court engaging in inappropriate credibility determinations. *See, e.g.*, *Chastain v. Cam*, No. 3:13-cv-1802-SI, 2014 U.S. Dist. LEXIS 102465, at *13–14 (D. Or. July 28, 2014) (noting that "it is inappropriate to delve into the individualized facts

Page 7 of 15
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Reply in Support of Motion for Conditional Certification, etc.

from employees 'hand-picked' by Defendants"); *Cohen v. Gerson Lehrman Group, Inc.*, 686 F. Supp. 2d 317, 330 (S.D.N.Y 2010) ("I decline to wade into a thicket of competing factual assertions at this preliminary stage.").

> 2. *Plaintiff's declarations support a nationwide class of hourly production workers.*

Defendants' arguments that the individual operations of its 66 facilities render them utterly dissimilar likewise comes to nothing. Plaintiff's allegations center on Defendants' policies regarding grace periods, which Defendants have admitted are in operation in most, if not all, of their facilities across the United States. *See* ECF No. 40, p. 5–8 (providing the details of timekeeping policies for nine of Defendants' facilities, eight of which have grace periods with the one outlier having a slightly different grace period involving a pre-shift meeting). Defendants go into intricate detail regarding how some facilities have pre-shift grace periods, some have post-shift grace periods, others have pre- and post-shift grace periods, some have a 7-minute grace period, some have a 12-minute grace period, others have some other number of minutes grace period, while some facilities have employees who don't use that timekeeping system at all because they receive a salary.[2] This hyper-focus on minute details is merely an attempt to distract the Court's attention from the forest by describing each individual tree. Defendants' use of grace periods across its facilities, which results in employees working unrecorded and uncompensated time, renders the affected employees sufficiently similar to proceed collectively. The issues surrounding the specific type and amount of grace period used at each facility goes to a calculation of damages, which is

---

[2] This detail is particularly irrelevant because Plaintiff has requested a class of "*hourly paid* production workers." Accordingly, any employee who receives a salary is not part of the collective Plaintiff seeks to certify, should not receive notice, and would be ineligible to join even if he or she did receive notice. *See* Mot. for Conditional Certification ¶ 2, ECF No. 16 (emphasis added).

Page 8 of 15
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Reply in Support of Motion for Conditional Certification, etc.

an insufficient basis to deny conditional certification. *Jones v. AbClean, Inc.*, No. 1:08-CV-508, 2010 U.S. Dist. LEXIS 145462, at *23 (E.D. Tex. Feb. 8, 2010) (noting that that "the potential for individualized damages assessments and the assertion of individualized defenses is not a sufficient basis to preclude conditional certification").

Defendants have implicitly admitted that Plaintiff is similarly situated to all hourly-paid production workers, regardless of location, in the ways that matter to the outcome of this case. Conditional certification of a nationwide collective of hourly-paid production workers is warranted.

**B.    Plaintiff's proposed methods of distribution of notice are reasonable.**

Defendants' objections to the proposed notice, and the notice process, are uniformly self-serving and meant to reduce case participation. Notice is a matter for the Court to decide. A plaintiff should be allowed to use the language of his choice in drafting the notice, and his notice language should be approved absent reasonable objection. *Vargas v. Richardson Trident Co.*, No. H-09-1674, 2010 U.S. Dist. LEXIS 15104, *36 (S.D. Tex. Feb. 22, 2010) (quoting *Gandhi v. Dell, Inc. & Dell Mktg. USA, L.P.*, No. 1:08-CV-248-JRN, 2009 U.S. Dist. LEXIS 96793, *5–6 (W.D. Tex. Oct. 20, 2009)). "The only changes made by the Court result from its duty to ensure that the notice is fair and accurate." *Id*. (internal quotation marks omitted). Defendants' objections to Plaintiff's proposed notice and proposed methods of distribution are not reasonable, nor do they serve to make the notice process more fair or accurate.

   1.    *The Court should allow dissemination of Notice in the form requested.*

Defendants raise objections to many aspects of Plaintiff's Notice without providing any explanation or offering any alternative. These meritless objections can be

Page 9 of 15
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Reply in Support of Motion for Conditional Certification, etc.

discounted as not in good faith. For example, Defendant objects to "implications" regarding potential recovery or settlement without a) directing the Court to any actual objectionable language in the proposed notice or consent, or b) offering a reasonable alternative. Regardless, Plaintiffs are happy to confer about the content of the notice and consent if certification is granted, provided Defendant agree to a tolling of the statute of limitations for the amount of time it takes to come to an agreed form.

Further, a three-year lookback period dating from the filing of the Complaint in this case is proper. At this initial stage of the litigation, courts err on the side of inclusivity because "judicial economy is served by conditionally certifying a larger, more inclusive class." *Turner v. Concentrix Servs.*, No. 1:18-cv-1072, 2020 U.S. Dist. LEXIS 16785, at *21 (W.D. Ark. Feb. 3, 2020) (internal quotations and citations omitted). "The Court will address opt-in plaintiffs with time-barred claims if and when they join the litigation." *Id*. *See also Clark v. Sw. Energy Co.*, No. 4:20-cv-00475-KGB, 2022 U.S. Dist. LEXIS 61191 (E.D. Ark. Mar. 31, 2022).

2. *The Court should allow dissemination of notice in the manner requested.*

Distribution of notice by multiple means is a commonly accepted practice in FLSA-based collective actions.[3] Distribution by multiple forms serves the purpose of "ensur[ing] that potential plaintiffs receive notice in a timely and efficient manner." *Hussein*, 152 F. Supp. 3d at 1198.

---

[3] *See Hussein v. Capital Bldg. Servs. Grp.*, 152 F. Supp. 3d 1182 (D. Minn. 2015) (authorizing notice via mail, posted notice, reminder letter and reminder email over the defendant's request that only one form of notice be provided); *Shoots v. iQor Holdings US Inc.*, No. 15-CV-563 (SRN/SER), 2015 U.S. Dist. LEXIS 141617, *71–73 (D. Minn. Oct. 19, 2015) (authorizing notice via mail, email and workplace posting, as well as a reminder notice); *Rhodes v. Truman Med. Ctr., Inc.*, No. 4:13-cv-990-NKL, 2014 U.S. Dist. LEXIS 133281, *11–12 (W.D. Mo. Sept. 23, 2014) (authorizing notice via mail, email, and workplace posting, as well as a reminder postcard to "help ensure that all putative Plaintiffs are provided an adequate opportunity to 'opt in' to the action"); *Margulies v. Tri-County Metro. Transp. Dist. of Or.*, No. 3:13-cv-475-PK, 2013 U.S. Dist. LEXIS 146484, *59–61 (D. Or. Oct. 10, 2013) (authorizing notice via mail, email and workplace posting).

Page 10 of 15
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Reply in Support of Motion for Conditional Certification, etc.

Defendants have provided no legitimate reason why notice via email should not issue. Courts in this district recognize that "sending notice by email would likely reach more potential plaintiffs and thus gives more people the opportunity to participate." *Szarka*, 2021 U.S. Dist. LEXIS 150892, at *5. Distribution of notice via email is well on its way to becoming the standard medium of communication nationwide. *Smart v. City of Hughes*, No. 2:19-cv-47-KGB, 2021 U.S. Dist. LEXIS 25197 (E.D. Ark. Feb. 10, 2021) ("The Court, however, has routinely ordered that notice be sent via regular U.S. Mail *and* e-mail to all potential opt-in plaintiffs in FLSA cases.") (citing *Bonds v. Langston Cos.*, No. 3:18-cv-189 KGB, 2019 U.S. Dist. LEXIS 162996 (E.D. Ark. Sep. 24, 2019); *Hicks v. Lindsey Mgmt. Co.*, No. 3:18-cv-133-KGB, 2019 U.S. Dist. LEXIS 21266 (E.D. Ark. Feb. 11, 2019); *McChesney v. Holtger Bros., Inc.*, No. 4:17-cv-00824-KGB, 2019 U.S. Dist. LEXIS 2435 (E.D. Ark. Jan. 7, 2019)). "Besides being in common practice, distributing notice via direct mail and e-mail 'advances the remedial purposes of the FLSA, because service of notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit, and of their opportunity to participate.'" *Smart*, 2021 U.S. Dist. LEXIS 25197, at *14–15 (quoting *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-cv-253, 2015 U.S. Dist. LEXIS 23630 (S.D. Ohio Feb. 26, 2015)). *See also McCoy v. Elkhart Prods. Corp.*, No. 5:20-CV-05176, 2021 U.S. Dist. LEXIS 26069, at *15 (W.D. Ark. Feb. 11, 2021) ("The Court finds that it is reasonable to permit Plaintiffs to send notice through email, not because of necessity but because it is a method reasonably calculated to provide timely actual notice to potential opt-in plaintiffs."). This Court should order dissemination via email not only because courts across the nation are embracing the ease of technology-based

Page 11 of 15
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Reply in Support of Motion for Conditional Certification, etc.

communication, but also because as outlined in Plaintiff's Brief, email is a much more reliable and more commonly-used means of communication.

Defendants' argument that a reminder postcard could be interpreted as inappropriate encouragement to join the case can be disregarded as being in bad faith. Courts have repeatedly rejected this argument. *McCoy*, 2021 U.S. Dist. LEXIS 26069, at *16 ("Though a reminder may run the risk of appearing to encourage participation, it also increases the likelihood that potential opt-in plaintiffs will receive actual notice of this action, reducing the probability that the Court and parties will need to address multiple requests to allow late opt-ins.").[4] The reminder postcard serves the crucial purpose of "notify[ing] potential opt-in plaintiffs that their mailed consent has not been received or that the DocuSign process was not complete, thus allowing time for any potential issues to be remedied." *Friedly v. Union Bank & Tr. Co.*, No. 4:21CV3105, 2021 U.S. Dist. LEXIS 233948, at *15 (D. Neb. Nov. 19, 2021). The reminder serves the critical function of ensuring that actual notice has been received by the collective <u>and</u> that all consents to join have been received by Plaintiff's counsel. *Id*.

Defendants have provided no legitimate reason that Plaintiff should not be responsible for disseminating notice. Third-party administrators may be used in cases in which there are particular concerns regarding the privacy of the putative class, but Defendants have identified no such concern here. *Udd v. City of Phx.*, No. CV-18-01868-PHX-JJT, 2020 U.S. Dist. LEXIS 49479, at *8 (D. Ariz. Mar. 23, 2020). Defendants' self-interested concerns that the notice is unduly solicitous do not rise to

---

[4] *See also Kutzback v. LMS Intellibound, LLC*, No. 2:13-cv-2767-JTF-cgc, 2014 U.S. Dist. LEXIS 174558, *39 (W.D. Tenn. Dec. 16, 2014); *Hart v. U.S. Bank NA*, No. CV 12-2471-PHX-JAT, 2013 U.S. Dist. LEXIS 160147, *20 (D. Ariz. Nov. 8, 2013); *Helton v. Factor 5, Inc.*, No. C 10-04927 SBA, 2012 U.S. Dist. LEXIS 88440, *21 (N.D. Cal. Jun. 26, 2012).

Page 12 of 15
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Reply in Support of Motion for Conditional Certification, etc.

the level required to demonstrate the necessity of a third-party administrator. Plaintiff's counsel routinely manages and disseminates notice for large class groups, often managing multiple class notices at once, and has the infrastructure and systems necessary to efficiently and effectively send notice. Involving another party to disseminate notice will only raise expected costs associated with the litigation. Defendants should be required to provide the contact information requested to Plaintiff's counsel.

Based on the forgoing, Defendant should be required to provide all request contact information for the collective. Upon a returned notice, Plaintiff will immediately use that potential opt-in's information number to locate a new address. Defendants' objection to the disclosure of this information is merely a tactic to delay dissemination of notice to opt-ins who may have recently moved or otherwise be difficult to locate. Moreover, courts frequently order employers to disclose important information upon certification. *See Roche v. S-3 Pump Service, Inc.*, 15-cv-268-XR, 2015 U.S. Dist. LEXIS 89013, at *8 (W.D. Tex. July 9, 2015).

Finally, many courts permit a 90-day opt-in period, and Defendants have shown no reason why 60 days is better. *See e.g.*, *Wihebrink v. Life Strategies Counseling, Inc.*, No. 4:21-cv-573-DPM, 2022 U.S. Dist. LEXIS 64236 (E.D. Ark. Apr. 6, 2022); *Mahoney v. CommonSpirit Health*, No. 8:21CV23, 2021 U.S. Dist. LEXIS 238830 (D. Neb. Dec. 14, 2021); *Baker v. APC PASSE, LLC*, No. 4:20-cv-00508-KGB, 2021 U.S. Dist. LEXIS 177033 (E.D. Ark. Sep. 17, 2021); *Lehmkuhl v. Travel Nurse Across Amer., LLC*, No. 4:20-cv-518-DPM, 2020 U.S. Dist. LEXIS 183456 (E.D. Ark. Oct. 2, 2020); *Doss v. Custom Auto Serv.*, No. 4:19-cv-296-KGB, 2020 U.S. Dist. LEXIS 177456 (E.D. Ark. Sep. 28, 2020); *Girtmon v. Vera Lloyd Presbyterian Family Servs.*, No. 4:20-cv-762-

Page 13 of 15
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Reply in Support of Motion for Conditional Certification, etc.

DPM, 2020 U.S. Dist. LEXIS 176382 (E.D. Ark. Sep. 25, 2020). A 90-day opt-in period better serves the broad remedial goals of the FLSA.

**C.     Conclusion**

Plaintiff has met the burden of demonstrating that he and the collective are similarly situated for purposes of conditional certification and notice. Defendants' arguments to the contrary are either alternately credibility-or merits-based arguments, which are appropriate only at final certification stage. Further, Plaintiff's proposed Notice and distribution plan are fair and consistent with both common practice and the purposes of the FLSA. The Court should grant Plaintiff's Motion in its entirety.

Respectfully submitted,

**ELANDER WOODALL, Individually
and on behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 500
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 14 of 15
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Reply in Support of Motion for Conditional Certification, etc.**

## CERTIFICATE OF SERVICE

      I, Josh Sanford, hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing REPLY was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record:

    John A. Ybarra, Esq.
    Shanthi V. Gaur, Esq.
    Matthew J. Ruza, Esq.
    LITTLER MENDELSON, P.C.
    321 North Clark Street, Suite 1100
    Chicago, Illinois 60654
    Telephone: 312.372.5520
    Facsimile: 312.372.7880
    jybarra@littler.com
    sgaur@littler.com
    mruza@littler.com

                                                */s/ Josh Sanford*
                                               **Josh Sanford**

**Page 15 of 15**
**Elander Woodall, et al. v. Evergreen Packaging LLC, et al.**
**U.S.D.C. (N.D. Ill.) No. 1:23-cv-459**
**Reply in Support of Motion for Conditional Certification, etc.**