IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELANDER WOODALL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EVERGREEN PACKAGING, LLC, And PACTIV EVERGREEN, INC.,<br><br>Defendants. | Case No.  23 C 459<br><br>Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Plaintiff Elander Woodall ("Woodall") moves to certify conditionally a Complaint for collective action under the Fair Labor Standards Act ("FLSA"), 26 U.S.C. § 201 *et seq.*, against Defendants Evergreen Packaging, LLC and Pactiv Evergreen, Inc. (collectively, "Evergreen"). The allegation is that Evergreen illegally rounded hours worked downwards in 15-minute segments. For example, if a production worker clocked in for 8 hours and 10 minutes, Defendants would round that worker's hours down to exactly 8 hours. Defendants moved to dismiss the lawsuit, which the Court denied on October 19, 2023. (Dkt. No. 27.) The Court now GRANTS in part Plaintiff's Motion for Conditional Certification for the reasons stated herein.

## I.    **LEGAL STANDARD**

Section 216(b) of the FLSA "gives employees the right to bring their FLSA claims through a collective action on behalf of themselves and other similarly situated employees." *Alvarez v. City of Chi.*, 605 F.3d 445, 448 (7th Cir. 2010) (citing 29 U.S.C. § 216(b)) (internal quotation marks omitted). The FLSA does not specify how courts should handle collective actions, but courts do have "wide discretion" to determine how these suits should proceed. *Weil v. Metal Technologies, Inc.*, 925 F.3d 352, 357 (7th Cir. 2019) (citing *Alvarez,* 605 F.3d at 449).

Courts in the Northern District of Illinois employ a two-step process. Step one is the conditional certification stage, wherein a plaintiff must make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Russell v. Ill. Bell. Tel. Co.*, 575 F. Supp. 2d. 930, 933 (N.D. Ill. 2008) (citation omitted). Courts employ a "lenient interpretation" of the term "similarly situated" at this stage. *Salmans v. Byron Udell & Assocs.*, 2013 WL 707992, at *2 (N.D. Ill. Feb. 26, 2013). Plaintiffs must provide "some evidence in the form of affidavits, declarations, deposition testimony, or other documents to support the allegations that other similarly situated employees were subjected to a common policy that violated the law." *Pieksma v. Bridgeview Bank Mortg. Co., LLC*, 2016 WL 7409909, at *1 (N.D. Ill. Dec. 22, 2016) (internal quotation marks omitted). Conditional certification is not automatic, and to proceed as a collective action, plaintiffs must "demonstrate similarity among the situations of each plaintiff beyond simply claiming that the FLSA has been violated; an identifiable factual nexus that binds the

plaintiffs together as victims of a particular violation of the overtime laws generally must be present." *Briggs v. PNC Fin. Servs. Grp., Inc.*, 2016 WL 1043429, at *2 (N.D. Ill. Mar. 16, 2016) (citation omitted). If a plaintiff can show that others are similarly situated, the Court may "conditionally certify the case as a collective action and allow the plaintiffs to send notice of the case to similarly situated employees who may then opt in as plaintiffs." *Grosscup v. KPW Mgmt., Inc.*, 261 F. Supp. 3d 867, 870 (N.D. Ill. 2017). The merits of a case are not decided at this stage and the Court does not "weigh evidence, determine credibility, or specifically consider opposing evidence presented by a Defendant." *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 855-56 (N.D. Ill. 2013) (citation omitted). That analysis takes place during step two, "following the completion of the opt-in process and further discovery." *Russell*, 575 F. Supp. 2d at 933.

## II. DISCUSSION

### A. Certification – Similarly Situated

Plaintiff asserts she has met the low threshold to certify conditionally a class of, "All hourly-paid production workers who recorded at least 39 hours in any week since January 25, 2020, except those who join *Wallace v. Evergreen Packaging, LLC,* Case No. 4:22-cv-337-KGB (E.D. Ark.)." (Pl. Br., Dkt No. 17, at 11.) Plaintiff submits three declarations in support of a "modest factual showing" to demonstrate that others are similarly situated because they were together "victims of a common policy or plan." *Flores v. Lifeway Foods*, *Inc.,* 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003). One declaration is from the Plaintiff, detailing her time as an hourly-paid production worker in Evergreen's Athens, Georgia facility and her interactions with other hourly-paid production workers

for Defendants. The other three declarations are from putative opt-in Plaintiffs – Christopher Henry, Opal Anderson, and Fester Moore – regarding their experiences in Evergreen's Malvern, Arkansas facility and how their experiences match Plaintiff's experience in the Georgia facility. (Pl. Decls., Dkt. Nos. 16, Exhibits ("Ex.") 5-9).

Defendants' primary objection concerns Plaintiff's failure to demonstrate sufficiently a common policy or plan given Evergreen's timekeeping practices are dependent upon the specific and individualized policies applicable to each of the facilities nationwide. With the support of nineteen declarations of their own, Defendants further claim that the timekeeping policies Plaintiff cites to are lawful under the FLSA, and that Plaintiff's declarations are "cookie cutter" and "threadbare." (Def. Br., Dkt. No. 40, at 13, 18.) The Defendants' declarations from employees and management at other branch locations are intended to dispute Plaintiff's allegation that production employees work beyond their scheduled shifts without pays.

The Court finds that Plaintiff has made the necessary showing that there are similarly situated employees at the Athens, Georgia and Malvern, Arkansas facilities. Defendants' declarations disputing that employees at these locations worked beyond scheduled shifts without compensation require this Court to contend with the merits of Plaintiff's claim, which is not appropriate at this stage of conditional class certification. *See Soto v. Wings 'R US Romeoville, Inc.*, 2016 WL 4701444 at *8 (N.D. Ill. Sept. 8, 2016) (defendants disputing evidence "insufficient to displace the testimony of the six declarants who say otherwise"); *see also Millings v. Transdev Serv's, Inc.*, 2023 WL 6541318, at *7 (N.D. Ill. Oct. 6, 2023) ("[Defendant's] evidence, consisting primarily of

employee declarations that dispute the plaintiffs' accounts, delves into the merits of the plaintiffs' claims, which is not the predominant inquiry at this step."); *Briggs*, 2016 WL 1043429 at *5 ("[I]t is within the Court's wide discretion to determine whether Plaintiffs hurdle their minimal burden to show that the proposed plaintiffs are similarly situated without 'consider[ing] the merits of a plaintiff's claims[.]'") (citation omitted). And contrary to Defendants' arguments otherwise, Plaintiff need not point to a policy that, on its face, violates the FLSA; it could be the case that Defendants' application of a lawful policy is unlawful. *See Amandah v. Alro Steel Corp.*, 2020 WL 4926653, at *4 (E.D. Wis. Aug. 21, 2020 ("The Court is mindful that the mere existence of a policy forbidding overtime work is not a prophylaxis against suit if there are other unlawful policies at play that actually deprive workers from their wage").

Defendants cite to several inapplicable cases. In *Cain v. TruckMovers Depot., Inc.*, the plaintiff submitted only his own affidavit and the court consequently held he did not meet even the low standard for similarly situated employees. 2022 WL 4364789, at *2 (N.D. Ill. Sept. 21, 2022). Here, Plaintiff submitted four other affidavits from other employees. And the court actually *granted* the motion for conditional certification in *Barret v. NorthShore Univ. Healthsys.,* even though the plaintiff submitted only her own declaration. 2019 WL 4412726, at *3 (N.D. Ill. Sept. 16, 2019) ("While [plaintiff's] factual showing is a bit thin, it is sufficient to clear the low hurdle for conditional certification and notice.") *Vazquez v. Ferrara Cando Co.* also carries no weight here because the court there deemed it too late in the litigation to assess conditional certification where a year of discovery had already taken place. 2016 WL 4417071, at *6 (N.D. Ill. Aug. 19, 2016);

see also *Ledbetter v. Pruitt Corp.*, 2007 WL 496451, at *2 (M.D. Ga. Feb. 12, 2007) (noting that the conditional certification "rationale disappears . . . once a plaintiff has had an opportunity to conduct discovery with respect to a defendant's policies and procedures"). Here, no discovery has taken place at all. Finally, in *Amandah v. Alro Steel Corp.*, inconsistencies in plaintiff's employee affidavits contradicted the existence of any "common policy or plan." 2020 WL 4926653, at *4 (E.D. Wis. Aug. 21, 2020). Here, the affidavits had no inconsistencies.

As for Plaintiff's request for a nationwide class certification specifically, the Court adopts the approach taken by a sister court in this district when addressing the scope of a conditional class FLSA certification action. In *Millings v. Transdev Servs., Inc.*, plaintiffs took issue with the timekeeping practices of Transdev, a transportation services company that operated in twenty-four states and ran seventy-three operating facilities. 2023 WL 6541318, at *2 (N.D. Ill. Oct. 6, 2023). The plaintiff submitted declarations from employees at three of these facilities, and defendants disputed these declarations by submitting their own, as Defendants do here. And also like the Defendants here, Transdev offered evidence contradicting the existence of a common policy or plan, pointing to the fact that timekeeping policies varied depending on facility location. The court denied plaintiffs' motion for conditional certification "apart from those facilities where they worked," because plaintiffs admitted they had "no knowledge of the timekeeping practices utilized at other Transdev facilities." *Id.* at *6. The plaintiffs failed to demonstrate there were similarly situated employees at other facilities subject to the same policies described in their complaint and declarations. *Id.* As a result, the court

granted conditional certification only for employees at the three facilities where they were employed. *Id. See Strait v. Belcan Eng'g Grp., Inc.*, 911 F. Supp. 2d 709, 724 (N.D. Ill. 2012) (refusing to certify a nationwide collective where defendants provided evidence that policies and practices varied because of an individualized management structure).

Here, Plaintiff has not admitted having no knowledge of the timekeeping practices at other Evergreen locations like the plaintiffs in *Millings*. But Plaintiff's evidence of similarly situated employees at other facilities is similarly scant. Where the affiants discuss their knowledge of other employees affected by the timekeeping policy at issue, they only reference employees at the same facility. As for employees at other facilities, the affidavits state: "Based on the number of production workers who worked with me and the number of other locations I believe Defendant has, I estimate that there are at least 100 other individuals [who would be included in the actions]." (Anderson Decl., Dkt. No. 16-8, at ¶ 18.) The Court finds this insufficient, without more, to constitute a modest factual showing that similarly situated employees exist at other Evergreen facilities. Plaintiff is thus unlike the plaintiffs in *Briggs v. PNC Servs. Grp., Inc.*, who included in support of a nationwide collective action five declarations from five separate PNC branches in five difference states, "illustrating . . . overtime work and a lack of compensation in violation of the FLSA spanning a number of PNC branches and states." 2016 WL 1043429, at *5. And though Plaintiff relies on the granting of conditional class certification in the sister case of *Wallace v. Evergreen Packaging, LLC*, plaintiffs there "clarified that they do not seek nationwide certification." 4:22-cv-337-KGB, Dkt. No. 63, at 5 (E.D. Ark. Mar. 31, 2023). Hence, to the extent this Court grants Plaintiff's conditional class certification, it

does so only with respect to employees at the Athens, Georgia facility and those employees at the Malvern, Arkansas facility who have not already opted into the ongoing action there.

### B. Certification – Opt-In Notice

Defendants raise several issues with Plaintiff's proposed notice. First, they object to the nationwide scope. For the reasons outlined above, the Court agrees with Defendants on this issue and limits the class to the Athens, Georgia and Malvern, Arkansas facilities (to the extent employees have not already opted into the parallel Arkansas suit). Defendants also object to the content of Plaintiff's proposed communications, though concede that a meet and confer would be appropriate to resolve these objections, with which the Court agrees – the parties are ordered to meet and confer to resolve the issue.

The Court authorizes notice via email. Defendants cite to a thirteen-year-old case, *Blakes v. Ill. Bell Tel. Co.*, which does little to undermine the pervasive and growing use of email to distribute notice to putative class members. 2011 WL 2446598, at *7 (N.D. Ill. June 15, 2011). As for Defendants' request that notice be disseminated by a third-party administrator for privacy reasons, the Court agrees with Plaintiff that this would be unnecessarily costly without any real demonstrated privacy concerns. It is common practice to grant a request for potential plaintiffs' names, phone numbers, and physical addresses. *See, e.g., Boltinghouse v. Abbot Labs., Inc.*, 196 F. Supp. 3d 838, 844 (N.D. Ill. 2016). Email addresses are also standard fare. *See also Girolamo v. Community Physical Therapy & Asscs., Ltd.*, 2016 WL 3693426, at *5-6 (N.D. Ill. Jul. 12, 2016). To

the extent Defendants have privacy concerns, "[a] protective order limiting the use of this information to its intended purpose will adequately address [them]." *Russell*, 575 F. Supp. 2d at 939. Plaintiffs' counsels routinely manage and disseminate notice for class groups such as this one, and a third-party administrator is unnecessary.

The Court also approves the 90-day notice period. Unlike in *Muir v. Guardian Heating and Cooling Servs., Inc.*, 2018 WL 959028, at *11 (N.D. Ill. Mar. 13, 2017) (Leinenweber, J.) where this Court decided on a 60-day period rather than 90-day period because the defendant employed only a total of 10-15 employees, there is no contention here that so few potential class members exist and thus no reason why 90-days is inappropriate. *See Nehmelman v. Penn Nat. Gaming, Inc.*, 822 F. Supp. 2d 745, 764 (N.D. Ill. 2011) ("Courts in this circuit have approved opt-in periods ranging from 45 to 120 days.")

At last, Defendants argue that a reminder notice is unnecessary. While courts in this district have approved reminder notices where the notice makes clear the court has not taken a position on the action's merits, this Court does not find a reminder necessary considering the Court's authorization of both U.S. mail and email notice. *See Williams v. TopHat Logistical Solutions, LLC*, 2023 WL 8190366, at *8 (N.D. Ill. Nov. 27, 2023) (reminder notice unnecessary because mail, email, and text message notice approved); *Bigger v. Facebook, Inc.*, 375 F. Supp. 3d 1007, 1024 (N.D. Ill. 2019) (reminder notice unnecessary because mail and email notice approved). As such, the Court denies Plaintiffs' request to send a reminder notice.

### III. **CONCLUSION**

For the reasons stated herein, Plaintiff's Motion for Conditional Class Certification is GRANTED in part. The parties are ordered to meet and confer to determine whether an agreement on the terms of the opt-in notice is feasible.

**IT IS SO ORDERED.**

 Harry D. Leinenweber, Judge
 United States District Court

Dated: 1/19/2024