IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ELANDER WOODALL, Individually and on Behalf of All Others Similarly Situated**<br><br>Plaintiff,<br><br>v.<br><br>**EVERGREEN PACKAGING, LLC AND PACTIV EVERGREEN, INC.,**<br><br>Defendants. | Case No. 1:23-CV-459<br><br>Honorable Steven C. Seeger |

**JOINT STATUS REPORT**

Pursuant to this Court's June 18, 2024, Order [Dkt. 75], Plaintiff Elander Woodall, and Defendants Evergreen Packaging LLC and Pactiv Evergreen Inc., hereby submit this Joint Status Report to bring the Court up to speed on the status of the case:

1. **Short Overview of Nature of Case:** Plaintiff, a former employee of Defendant Evergreen at its Athens, Georgia facility, individually and on behalf of a conditionally certified collective of opt in plaintiffs, alleges that Defendants unlawfully "rounded" employee time records and required Plaintiff and the opt in Plaintiffs to work off-the-clock, in violation of the Fair Labor Standards Act ("FLSA"). Defendants deny Plaintiff's allegations and deny that they violated the FLSA in any way. (Dkt. 1). There are no pending counterclaims.

2. **Significant Rulings:** Following service of Plaintiff's Complaint, Defendants moved to dismiss Plaintiff's Complaint for claims-splitting. (Dkts. 10-11). Defendants argued that, because seven-months prior to the filing of her Complaint, Plaintiff had filed an opt-in consent form in the then-pending case, *Wallace v. Evergreen Packaging, LLC*, Case No. 4:22-cv-337-KGB (E.D. Ark.), asserting identical claims to those asserted in this litigation, Plaintiff was required to assert her claims in the *Wallace* matter. Following briefing, the Court denied Defendants' Motion

to Dismiss, finding that there was no claims-splitting because Plaintiff had opted-out of the *Wallace* litigation immediately before filing this claim. (Dkts. 26-27).

Plaintiff's Complaint and Motion for Conditional Certification sought to certify a nationwide collective of all "hourly paid production workers who recorded at least 39 hours in any week within the last three years, except those who join *Wallace v. Evergreen Packaging, LLC*, Case No. 4:22-cv-337-KGB (E.D. Ark.)." (Dkt. 1). Defendants opposed Plaintiff's Motion, arguing that Plaintiff failed to show an identifiable factual nexus that binds the plaintiff and collective together as victims of a particular violation of the overtime laws. (Dkt. 40). Following full briefing of Plaintiff's Motion for Conditional Certification (Dkts. 16, 17, 40), the Court denied Plaintiff's request of a nationwide collective and instead conditionally certified a collective limited only to hourly production employees at Defendants' Athens, Georgia and Malvern, Arkansas facilities who did not opt into the *Wallace* matter. (Dkts. 45-46). The Court granted Plaintiff a 90-day notice period. (*Id.*).

Notice was issued on March 20, 2024. The Notice period concluded on June 20, 2024; the Parties agreed that Plaintiffs may have until June 27, 2024, to file all timely submitted consent forms properly post-marked on or before June 20, 2024. To date, approximately 195 individuals have signed and filed valid consent forms in this case.

3. **Pending Motions**: None. Defendants anticipate filing a Motion for Decertification and Motion for Summary Judgment following the close of fact discovery.

4. **Update on Discovery**: To date, the parties have not engaged in any discovery outside production of the putative class list for purposes of administering the notice period in this case. Now that the Notice Period is closed, the Parties propose that they be allowed 30 days to

meet and confer and submit an agreed proposed scheduling order setting forth a discovery schedule and proposed summary judgment and motion for decertification briefing schedule.

5. No trial date has been scheduled.

6. The parties have not engaged in settlement discussions and do not anticipate engaging in settlement discussions until the close of discovery.

Dated: June 25, 2024

Respectfully submitted,

Elander Woodall

*/s/ Josh Sanford*
One of Her Attorneys

Josh Sanford
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com

Respectfully submitted,

Evergreen Packaging LLC and Pactiv Evergreen Inc.

*/s/ John A. Ybarra*
One of Its Attorneys

John A. Ybarra, Bar No. 6196983
jybarra@littler.com
Shanthi V. Gaur, Bar No. 6224996
sgaur@littler.com
Matthew J. Ruza, Bar No. 6321424
mruza@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, IL 60654
Telephone: 312.372.5520

3

**CERTIFICATE OF SERVICE**

I, John A. Ybarra, an attorney, hereby certifies that on June 25, 2024, I caused a true and correct copy of the Parties *Joint Status Report* to be filed with the Clerk of the Court, using the Court's CM/ECF filing system, and served a true and correct copy of same via email upon the below counsel of record:

Josh Sanford
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com

*/s/ John A. Ybarra*
John A. Ybarra