IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ELANDER WOODALL, Individually and on**      **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.      No. 1:23-v-459

**EVERGREEN PACKAGING LLC,**      **DEFENDANTS**
**and PACTIC EVERGREEN INC.**

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' FEES

### I. INTRODUCTION

Plaintiff brought this case under the FLSA, 29 U.S.C. § 201 *et seq.*, to recover unpaid wages. Plaintiff obtained some of the most experienced wage counsel in the United States, who took on the case without requiring any upfront payment. Plaintiff's counsel (hereinafter "SLF") not only shouldered all costs and faced the risk of receiving nothing if the case was unsuccessful but also faced the risk of receiving less than their *actual* fees even in the event of success, depending on what the Court deems reasonable. SLF applied their unique skill set to claims under the FLSA, discovery practice, document exchange, damages calculations, motions practice and trial prep. These efforts resulted in Judgment and damages for Plaintiff.

When the Parties negotiated their Settlement in this case, Plaintiff's counsel and Defendants' counsel reached an agreement for an award of fees and costs in this case. Plaintiff's counsel believes that the fees accrued in this case were reasonable. Rather than negotiate and execute a second settlement agreement for the Court's review,

Page 1 of 12
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Plaintiff's Unopposed Motion for Costs and Attorneys' Fees

Plaintiff's counsel agreed to file a motion for fees and costs and Defendants' counsel agreed not to oppose that motion.

Plaintiff respectfully requests an award of reasonable attorneys' fees and costs in the amount of $42,000.00, which is less than the lodestar billing.

## II. LEGAL STANDARD

A. <u>Authority for Awarding Fees Under the FLSA.</u>

An award of reasonable attorneys' fees and costs to the prevailing party is mandatory under the FLSA. 29 U.S.C. § 216(b); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). Congress enacted the fee-shifting provision of the FLSA "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley*, 19 F.3d at 1134; *see also* 29 U.S.C. § 202.

Compensating plaintiffs' attorneys, who act as private attorneys general lending their unpaid work to society, furthers Congress's public policy goal under the FLSA, which is to protect workers from unfair labor practices, as stated:

> The design of the Fair Labor Standards Act is intended to rectify and eliminate 'labor conditions detrimental to the maintenance of the minimum standard living' for workers. 29 U.S.C. § 202(a). The availability and award of attorney fees under § 216(b) must reflect the obvious congressional intent that the policies enunciated in § 202 be vindicated, at least in part, through private lawsuits charging a violation of the substantive provisions of the wage act.

*United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501–02 (6th Cir. 1984); 29 U.S.C. § 202. The FLSA's fee shifting provision also encourages private litigants to sue for their rights even when the expected monetary recovery is otherwise "too small to attract effective legal representation." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir. 1999); *see also City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986).

Page 2 of 12
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Plaintiff's Unopposed Motion for Costs and Attorneys' Fees

Indeed, "courts often award attorneys' fees that far exceed the plaintiffs' recovery in FLSA cases," and reject the use of proportionality as a basis for reducing fee awards. *See Morales v. Farmland Foods, Inc.*, 2013 U.S. Dist. LEXIS 56501, *21–23 (D. Neb. 4/18/2013) (string citing cases); *Ewald v. Royal Norwegian Embassy*, No. 11-CV-2116 (SRN/SER), 2015 U.S. Dist. LEXIS 52540, *41–42 (D. Minn. Apr. 13, 2015).[1]

B. <u>Calculation of Fees</u>

A court determines a reasonable fee with a two-step process. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). A court first evaluates the fee petition of a prevailing party and determines the "lodestar," and then determines if the lodestar should be adjusted, based on various factors, discussed below. *Id*. The "lodestar" is "the number of hours that any attorney worked on the case multiplied by a reasonable hourly rate." *Jeffboat, LLC v. Director, Office of Workers' Compensation Programs*, 553 F.3d 487, 489 (7th Cir. 2009) (citing *Hensley*, 461 U.S. at 433 (1983); *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003)). "The relevant issue…is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990); *See also Jenkins*, 127 F.3d at 718 (noting that the "court's focus should not be limited to the success/failure of each of the attorney's actions," but rather whether the

---

[1] *See also Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989); *Simpson v. Merchants & Planters Bank*, 441 F.3d 572, 581 (8th Cir. 2006); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007) (stating that "[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.") (citing *Tyler v. Westway Auto. Serv. Ctr., Inc.*, No. 02-61667-CIV-DIMITROULEAS/TORRES, 2005 U.S. Dist. LEXIS 45771, at *14 (S.D. Fla. Mar. 10, 2005); *see also*, *Dressler v. Kan. Copters & Wings, Inc.*, No. 09-1016-MLB, 2010 U.S. Dist. LEXIS 141474, *7–8 (D. Kan. Dec. 22, 2010) (finding that proportionality requirement "has no legal basis" in an FLSA case).

Page 3 of 12
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Plaintiff's Unopposed Motion for Costs and Attorneys' Fees

actions were reasonable at the time); *Connolly v. Nat'l Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999) ("The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case.").

There is a strong presumption in favor of awarding the lodestar figure. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011). Factors to consider in analyzing a reasonable fee include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3. These factors should rarely be used to adjust the fee because many are already subsumed within the lodestar. *See Blum v. Stenson*, 465 U.S. 886, 898–900 (1984).[2] Also, "the court need not exhaustively address every factor." *Sherman v. Kasotakis*, 314 F. Supp. 2d 843, 882 (N.D. Iowa 2004).

Finally, the burden of identifying unreasonable billing can be placed on the losing party because it has both the incentive and the knowledge of the case to point it out. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008). If the losing party "cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut," meaning a cut of no more than ten percent. *Id*. at 1112, 1115.

---

[2] *See also Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565–66 (1986); *Saizan v. Delta Concrete Prods. Co.*, Inc. 448 F.3d 795, 800 (5th Cir. 2006).

Page 4 of 12
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Plaintiff's Unopposed Motion for Costs and Attorneys' Fees

### III.  ARGUMENT

A.  <u>Plaintiff's Requested Lodestar</u>

As shown on the Billing Spreadsheet attached as Exhibit 1 to Plaintiff's Motion for Costs and Attorneys' Fees, SLF billed 177.4 hours for a total of $44,287.50. Plaintiff requests $42,000.00 in attorneys' fees and costs. SLF's hourly rates are reasonable, and the attorneys' fees incurred were reasonable and necessary to the prosecution of this case. Thorough, contemporaneous documentation of SLF's time adequately supports the number of hours expended in litigating this matter.

1.  *The hours billed by SLF are reasonable.*

Both the total amount of fees requested and the individual time entries detailed in the Billing Spreadsheet reflect reasonable billing. Each task recorded was necessary to the resolution of this matter, and the time spent on each task was reasonable. Declaration of Josh Sanford (hereinafter "Decl. Sanford") ¶ 23–26.

Plaintiff filed this case on January 25, 2023. *See* Original Complaint (ECF No. 1). In addition to mandatory disclosures, the parties engaged in written discovery, serving and responding to written interrogatories and requests for production of documents, which assisted in assessing liability and calculating damages. The case involved limited motions practice. Plaintiff filed a successful Motion for Conditional Certification. ECF No. 16, 46. Defendant filed a motion to dismiss, to which Plaintiff responded, and the Court ultimately denied. ECF No. 27. Following the Court's ruling on dismissal and certification, and after the opt-in period on the class closed, the Parties negotiated a full settlement of all Plaintiff's and opt-in Plaintiffs' claims.

Page 5 of 12
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Plaintiff's Unopposed Motion for Costs and Attorneys' Fees

Based on the work performed, the number of hours requested is facially reasonable. Fees incurred at various phases and types of work are summarized in the chart below:

| Category | Time | Value |
|---|---|---|
| Case Initiation and Complaint | 4.8 | $1,300.00 |
| Case Management | 50.3 | $9,690.00 |
| Class Management and Notice | 41.9 | $5,662.50 |
| Client Communication | 9.3 | $2,455.00 |
| Conditional Certification | 16.1 | $5,147.50 |
| Court Appearance and Preparation | 0.5 | $262.50 |
| Discovery | 4.0 | $1,372.50 |
| Fee Petition | 3.8 | $1,330.00 |
| In House Communication | 18.9 | $6,140.00 |
| Motion to Dismiss | 20.2 | $7,882.50 |
| Opposing Counsel Communication | 6.2 | $2,555.00 |
| Settlement | 1.4 | $490.00 |
| Grand Total | 177.4 | $44,287.50 |

This breakdown of hours worked into discrete categories aids understanding of the fees incurred and further supports the reasonableness of the fees requested. *See Copely v. Superior Logistics Alt., Inc.*, No. 1:10-cv-9-MEF, 2011 U.S. Dist. LEXIS 33841, at *5 (M.D. Ala. Mar. 30, 2011) ("A well-prepared fee petition also would include a summary, grouping time entries by nature of the activity or state of the case."). These categories of work are reasonable, and the hours expended in each category are reasonable in this type of case.

All of the attorneys for whom Plaintiff requests time performed discrete tasks over the lifespan of this case. See Decl. Sanford ¶ 18. Attorneys Laura Edmondson and Sean Short were the primary attorneys managing the case at different times, and SLF

Page 6 of 12
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Plaintiff's Unopposed Motion for Costs and Attorneys' Fees

ensured there was no crossover in billing during the time at Attorney Short took over from Attorney Edmondson. *See* Billing Spreadsheet. Attorney Courtney Lowery wrote the Complaint, and her expertise in complaint drafting for SLF ensured that this task was performed as efficiently as possible. Decl. Sanford ¶ 19. Attorneys Karolina Viehe, Vanessa Kinney and Rebecca Matlock are members of the SLF drafting team and handled almost all of the briefing in this case, each on separate and discrete drafting projects. Decl. Sanford ¶ 19. Attorney Stacy Gibson briefly managed case strategy and direction to junior attorneys, and finally, Attorney Josh Sanford, as the primary attorney of record on this case from start to finish, briefly managed the case when needed and directed strategy to the junior attorneys on the case. *See* Billing Invoice. Allowing attorneys to perform the work that they perform best and most efficiently adds value without adding unnecessary cost.

SLF also appropriately utilized the assistance of support staff such as Paralegals and Law Clerks. Work performed by paralegals that would have been performed by attorneys is compensable and helps keep the cost of litigation down. *See Miller v. Alamo*, 983 F.2d 856, 862 (8th Cir. 1993). The work performed by support staff in this case meets this standard.

There is a strong presumption in favor of the resulting lodestar figure. *City of Burlington*, 505 U.S. at 562; *Pickett*, 664 F.3d at 639. While a Court's experience regarding the amount of fees that might be reasonable in a particular case may guide this analysis, it is not a substitute for the lodestar analysis. *Murphy v. Vaive Wood Prods. Co.*, 802 F. App'x 930, 937 (6th Cir. 2020). However, judicial experience supports the total amount requested is reasonable. With respect to total hours billed,

Page 7 of 12
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Plaintiff's Unopposed Motion for Costs and Attorneys' Fees

courts generally agree that it takes hundreds of hours of legal work to litigate a multi-plaintiff FLSA case. *See*, *e.g.*, *Beauford v. ActionLink, LLC*, No. 4:12-CV-139-JLH, 2014 U.S. Dist. LEXIS 5039, at *20-21 (E.D. Ark. Jan. 15, 2014) (Awarding fees for 866.2 hours of work after reductions by the Court); *Carr v. Bob Evans Farms*, No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *12 (N.D. Ohio July 27, 2018) ("In comparison, other counsel have received compensation for only around 1,500 hours for multi-year litigation involving FLSA collective actions").[3] The total dollar figure is likewise reasonable given the nature of this case. *See Rodriguez v. Mech. Tech. Servs.*, No. 1:12-CV-710-DAE, 2015 U.S. Dist. LEXIS 164079, at *24-25 (W.D. Tex. Dec. 8, 2015) ("Attorney's fee awards in FLSA class action cases within the Western District of Texas are consistently six-figure dollar amounts.") (collecting cases).

In sum, at each step in this case, the work performed by SLF was reasonable and necessary to the progress of the litigation and was performed with prudence and efficiency. Counsel kept thorough contemporaneous records of this work. Decl. Sanford ¶ 18; Ex. 1, Billing Spreadsheet. The time spent was reasonable and necessary, and the overall billing is likewise reasonable. Therefore, Plaintiff's request for fees and costs of $42,000.00 should be granted in its entirety.

---

[3] *See also Hendricks v. Inergy, L.P.*, 2014 U.S. Dist. LEXIS 6044, at *18-20 (E.D. Ark. Jan. 6, 2014) (awarding fees for 530 hours of legal work after reductions by the court); *Long v. HSBC USA Inc.*, 2016 U.S. Dist. LEXIS 124199, at *35-36 (S.D.N.Y. Sep. 13, 2016) ("The hours billed by plaintiffs' counsel to this matter are reasonable. Although the time records reflect that four law firms and a large number of attorneys were assigned to and billed time to this matter, the vast majority of the work, totaling 455.60 hours, was done by a group of five attorneys . . . ."); *Adams v. City of Manchester*, No. 4:11cv1309 TCM, 2013 U.S. Dist. LEXIS 127294, at *1 (E.D. Mo. Sep. 6, 2013) (awarding fees for 351.24 hours of legal work after reductions by the court); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, at *80 (D.S.D. Mar. 12, 2010) (557.1 hours found to be reasonable in a 2-plaintiff FLSA case).

Page 8 of 12
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Plaintiff's Unopposed Motion for Costs and Attorneys' Fees

2. *SLF billed at reasonable hourly rates.*

A chart detailing the lodestar amounts requested for each individual SLF attorney and support staff member, is set forth below:[4]

| Billed By | Rate | Time Claimed | Value Claimed |
|---|---|---|---|
| **Courtney Lowery** | $250.00 | 1.3 | $325.00 |
| **Josh Sanford** | $525.00 | 16.7 | $8,767.50 |
| **Karolina Viehe** | $400.00 | 7.0 | $2,800.00 |
| **Laura Edmondson** | $250.00 | 6.6 | $1,650.00 |
| **Rebecca Matlock** | $350.00 | 11.2 | $3,920.00 |
| **Sean Short** | $350.00 | 26.7 | $9,345.00 |
| **Stacy Gibson** | $350.00 | 1.2 | $420.00 |
| **Vanessa Kinney** | $400.00 | 16.9 | $6,760.00 |
| **Law Clerk** | $100.00 | 0.9 | $90.00 |
| **Paralegal** | $125.00 | 70.3 | $8,787.50 |
| **Staff** | $75.00 | 18.6 | $1,422.50 |
| **Grand Total** | | 177.4 | $44,287.50 |

The hourly rates charged by SLF are reasonable and below the national average for complex litigation. The rates requested in this case are significantly lower than the rates customarily requested by attorneys who practice this area of law in the Chicago area. *See* Decl. of Doug Werman, attached as Ex. 3. SLF's expertise supports the requested rates. There is no group of attorneys within 600 miles of Little Rock who have experience comparable to SLF in wage litigation. Decl. Sanford ¶ 9. Including cases currently being prosecuted throughout the country today, SLF has prosecuted over 1,300 wage cases in federal and state courts and in arbitration proceedings. *Id.* On this basis, the requested rates are reasonable.

---

[4] The individual charges underlying the chart reflecting individual attorneys' lodestar amounts are contained in the Billing Spreadsheet (Ex. 1).

Page 9 of 12
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Plaintiff's Unopposed Motion for Costs and Attorneys' Fees

B.  *Johnson* Factors

As discussed above, the *Johnson* factors are typically reflected in the lodestar and are rarely used to justify a deviation from the lodestar amount. However, to the extent that any of the *Johnson* factors support a deviation, that deviation is upward.

With respect to the skill requisite to perform the legal service properly, SLF devotes a significant part of its practice, both in terms of time and money, to FLSA-based claims. Decl. Sanford ¶ 4–7, 9, 11–14, 19, 20. Specialization, such as in labor and employment law, can support a higher-than-average rate. *See*, *e.g.*, *Autrey v. Food Concepts Int'l, LP*, No. 2:13-cv-131, 2017 U.S. Dist. LEXIS 46693, at *14 n.5 (S.D. Ohio Mar. 29, 2017). Accordingly, this factor supports an upward deviation, if any.

The contingent nature of the fee is captured in the hourly rate requested. Decl. Sanford ¶ 21–23.[5] However, the "contingency" fee award sought by SLF in this case is not a contingency fee in the traditionally-used sense whereby an attorney takes a portion of the plaintiff's recovery. Rather, SLF relies on the fee-shifting provisions of the FLSA to recover fees in this case. However, from the time that SLF began its representation of Plaintiff, SLF faced the risk of non-payment in the event that Plaintiff did not prevail; and even in the event of success, payment to SLF is delayed for the duration of the litigation through at least the time that fees are awarded either through settlement or Court order. *Id*. at ¶ 22, 23. Therefore, this factor supports an upward deviation.

---

[5] *See also Fox v. Pittsburg State Univ.*, No. 2017 U.S. Dist. LEXIS 97879, at *45 (D. Kan. June 26, 2017) (recognizing that any "contingency risk should be reflected in the lodestar in the form of a higher hourly rate for the attorney skilled and experienced enough to overcome" the financial risk of prosecuting a case on a contingency basis, "including delayed payment and the contingency fee agreement").

Page 10 of 12
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Plaintiff's Unopposed Motion for Costs and Attorneys' Fees

C.  Costs and Expenses

Section 216(b) of the FLSA also provides for an award of costs to a prevailing plaintiff. 29 U.S.C. § 216(b); *see also* Rule 54(d) (allowing an award of costs to a prevailing party). Costs recoverable under Rule 54(d) are identified in 28 U.S.C. § 1920. "Under the FLSA, however, 'costs include reasonable out-of-pocket expenses beyond those normally allowed under Rule 54(d) and 28 U.S.C. § 1920.'" *Hendricks v. Inergy, L.P.*, 2014 U.S. Dist. LEXIS 6044, at *22 (E.D. Ark. Jan. 6, 2014) (internal editing marks omitted); *Shorter v. Valley Bank & Trust Co.*, 678 F. Supp. 1518 1523, 30 WH Cases 334 (D. Kan. 1991); *Walton v. United Consumers Club*, 786 F. 2d 303, 316, 27 WH Cases 962 (7th Cir. 1986). "Reimbursement for travel, meals, lodging, photocopying, long-distance phone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are the types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 630 (W.D. Tex. 2015).

Within Plaintiff's total request of $42,000 are $4,755.23 in costs, which includes the filing fee, the costs of serving Defendants, and postage and mailing costs. The amount is correct and was necessarily incurred, and the services giving rise to the costs were actually and necessarily performed. *See* 28 U.S.C. § 1924. Each cost is described sufficiently to demonstrate that the cost was necessary.

### IV. CONCLUSION

SLF submitted complete documentation of the hours reasonably expended in litigating this case and its attorneys billed their time at reasonable rates. SLF is entitled to the strong presumption that the lodestar fee should be awarded in full. Plaintiff's

Page 11 of 12
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Plaintiff's Unopposed Motion for Costs and Attorneys' Fees

counsel are skilled attorneys with particular experience in FLSA cases. They took up the cause of low wage earners who were not in a position to pay for legal services and bore the cost throughout the litigation. To satisfy Congress's intent that private attorneys should be encouraged to enforce the FLSA even on behalf of low-earning workers, SLF should be awarded compensation commensurate with what they would have received from a paying client. Therefore, Plaintiff respectfully requests that the Motion for Costs and Attorneys' Fees be granted in its entirety and that Defendant be ordered to pay attorneys' fees and costs of $42,000.00.

Respectfully submitted,

**ELANDER WOODALL, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 12 of 12
Elander Woodall, et al. v. Evergreen Packaging LLC, et al.
U.S.D.C. (N.D. Ill.) No. 1:23-cv-459
Brief in Support of Plaintiff's Unopposed Motion for Costs and Attorneys' Fees